John W. KECK, Plaintiff,

v.

Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.

Civ. A. No. 86–589.

United States District Court, W.D. Pennsylvania.

Jan. 13, 1987.

Pamela Pershing Lezo, Greensburg, Pa., for plaintiff.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## OPINION

GERALD J. WEBER, District Judge.

Once again we confront a Social Security Appeal in which the ALJ rejects the unanimous, unequivocal and well-supported opinions of physicians and concludes that the claimant is not disabled. For the reasons stated below, we reverse.

Plaintiff is now 48 years old, stands 5'10", and has weighed 200 to 220 lbs. He dropped out of the 10th grade and his work experience is entirely heavy labor in mines and a foundry. He last worked in 1981 when his back pain flared.

Plaintiff originally filed an application for Social Security Disability and Supplemental Security Income Benefits on January 22, 1982, alleging disability due to back and leg pain, beginning July, 1981. Plaintiff pursued the claim to a final decision denying benefits on September, 1982. Plaintiff appealed to the United States District Court, and the Third Circuit, both of which affirmed the Secretary.

On October 10, 1984, plaintiff filed the application for Social Security Disability and Supplemental Security Income Benefits which gives rise to this appeal. Plaintiff again alleged disability from July, 1981 due to leg and back pain. Following a hearing on April 2, 1985, the ALJ denied plaintiff benefits and the Appeals Council affirmed. Timely appeal was then made to this court.

■ We agree with defendant that the res judicata effect of the prior disability claim precludes plaintiff from asserting disability prior to September 23, 1982. Rather the Secretary was to determine whether plaintiff's condition subsequent to September 23, 1982 was disabling within the meaning of the Act.

■ This does not make plaintiff's condition prior to September, 1982 irrelevant in this claim, as the ALJ seems to indicate in his opinion. Naturally, the history of the claimant's impairment is critically relevant to an assessment of his condition.

■ Plaintiff first experienced back problems in 1972 when he was diagnosed as having a large herniated disc at L4–5 requiring a laminectomy. Plaintiff recovered well and continued working until 1981 when his back pain re-emerged. At that time, a second laminectomy was performed as well as the removal of scar tissue which had surrounded and infiltrated the nerve roots at L4–5.

Plaintiff did not experience relief from his symptoms following the surgery and conservative methods have failed, so in February, 1982 plaintiff underwent the implantation of a dural stimulator. This device is implanted in the body and, in con-

junction with external controls, imparts electrical impulses to the spinal cord to block the pain impulses generated by the compressed nerve roots. This device has brought significant relief to plaintiff, but has not relieved all of his pain and discomfort.

The critical issue on this appeal is the extent of that residual pain and its impact on plaintiff's functional capacities. Not coincidentally, this is where the ALJ and the doctors part company in their assessments of plaintiff.

The ALJ concluded that plaintiff's complaints of disabling pain were not credible because they were inconsistent with: (1) clinical evidence and physicians' assessments; (2) appearance and demeanor at hearing; (3) range of daily activities; (4) effect of stimulator; and (5) lack of pain medication. If the ALJ's conclusion is based on substantial evidence, affirmance is required.

The ALJ's reliance on clinical findings is misplaced. The record is replete with objective findings indicating significant dysfunction and pain in the low back and leg. Tenderness and spasm in the low back, positive Fabere and Lasegue's tests, positive straight leg raising tests, decreased pinprick sensation, narrowed L4–5 disc space, positive electromyography, lumbar spurs and the visual confirmance of scar tissue involvement in the nerve roots constitute a litany of misfortune and pain. The most striking aspect of these findings is their remarkable consistency over time and different examining physicians. In the face of such clinical evidence the ALJ's selective reliance on reports of strong reflexes is indefensible, and does not constitute substantial evidence.

The physicians' reports are likewise striking in their consistency. Plaintiffs' treating physician of 14 years, Adib Barsoum, M.D. indicated that the nerve root damage was permanent and irreversible, that plaintiff's pain persisted despite constant use of the dural stimulator, that the pain was aggravated by *any* sitting, standing or walking in excess of very short periods. (Trans. at 183, 184, 317–336). Most importantly, Dr. Barsoum explains that any period of sitting or standing in one position exacerbates the nerve root irritation and it is therefore necessary for plaintiff to frequently change positions and to lie down on his back with his knees raised to relieve the pain and spasm.

The other two physicians examined plaintiff and prepared reports at the request of the ALJ. Both physicians indicate multiple objective findings consistent with past findings and with plaintiff's complaints. After reviewing their independent findings in comprehensive examinations, both physicians concluded that plaintiff's pain persisted despite his use of the dural stimulator and that plaintiff was totally disabled for all substantial gainful activity (Trans. at 277–281, 289–290, 307–308).

The Secretary relies heavily on the functional capacity forms completed by these physicians to reject their findings and opinions. (Trans. at 291–292, 309–310). However, both physicians note significant impairment in the ability to sit, stand, and walk, and both indicate that plaintiff cannot engage in those activities for periods without interruption, findings consistent with Dr. Barsoum's description of plaintiff's difficulties in functioning.

The remaining grounds for the ALJ's conclusion require little discussion. The "sit and squirm test" is of little or no value. The fact that a claimant can sit quietly through a brief hearing is no basis for a decision on disability. Plaintiff's daily activities are severely limited, consisting of watching TV, very short walks, an occasional short drive in the car, all punctuated by the need to lie down to relieve the pain. Finally, plaintiff's limited use of medication is to be attributed not to the absence of pain, but to past allergic reactions and his treating physician's good sense reluctance to prescribe potentially addictive narcotics to a young patient with a permanent condition. (Trans. at 317–336).

We conclude therefore that the ALJ's decision is not only unsupported by substantial evidence but is contrary to the

overwhelming weight of medical evidence, both in objective findings and in the unanimous opinion of three physicians. The Secretary's decision will be reversed and benefits awarded to plaintiff.