Helen WADE *v.* MR. C. CAVENAUGH'S, and Cigna Insurance Company

CA 88-30 756 S.W.2d 923

Court of Appeals of Arkansas
Division II
Opinion delivered September 14, 1988

*Riffel, King and Smith*, by: *Kirby Riffel*, for appellant.

*Friday, Eldredge & Clark*, by: *Elizabeth J. Robben*, for appellee.

BETH GLADDEN COULSON, Judge. This appeal comes from the Arkansas Workers' Compensation Commission. Appellant, Helen Wade, appeals the Commission's decision rendered on October 12, 1987, finding that she is not entitled to workers' compensation benefits for psychiatric treatments and disability that she claims were caused by a compensable injury she received when the store where she was working was robbed. We remand.

On October 12, 1985, appellant was employed as a clerk in the Mr. C. Cavenaugh's convenience store in Black Rock. During the early morning hours, two men robbed the store. One of the men punched appellant on the left side of the face, knocking her down and rendering her momentarily unconscious. After police interviewed her about the robbery, appellant finished her shift, but after she returned home appellant had a friend take her to a hospital emergency room. She was examined by a physician and also treated by a dentist. On October 13, 1985, the dentist treated her for pain and inability to open her mouth because of injury from the blow to her face. On October 15, 1985, appellant was examined by the dentist, and on this occasion appellant also complained of reduced vision in her left eye. On October 21, 1985, the dentist examined appellant again and released her to return to work.

Appellant worked from October 23, 1985, until November 10, 1985, when she was fired. There was testimony that appellant's termination resulted from three cash shortages. However, the record contains testimony of a store bookkeeper who said that appellant was one of several employees who had cash shortages, and at least one of her shortages could be explained as resulting from an improper tallying procedure, not because any money was missing. On November 19, 1985, appellant returned to the dentist and complained of pain in her jaw and reduced vision in her left eye. The dentist concluded that appellant should be examined by physicians.

Several physicians examined appellant for her vision problem, but none of the doctors could find any physical basis for it. Dr. Walter Jay, an opthamologist, found no organic abnormality affecting appellant's vision and recommended psychological evaluation. A psychologist administered the Minnesota Multiphasic Personality Inventory (MMPI). Appellant's personality profile was normal. The MMPI profile did not indicate a conversion disorder related to physical injuries. Dr. Jay recommended that appellant obtain psychiatric treatment closer to her home, and she became a patient of Dr. Edward Price, a psychoanalyst at Jonesboro.

Appellees paid for appellant's medical treatment until March 1986, including her initial evaluation by Dr. Price, but refused to pay for further treatment, controverting appellant's claim for additional temporary total disability benefits and medical benefits. After two hearings, an administrative law judge denied appellant's request for additional benefits. The Commission affirmed the law judge's decision. The Commission found that appellant had failed to prove a causal connection between the compensable injury received during the robbery and the disability and additional benefits appellant claimed after her employment was terminated. Although the Commission found that appellant was upset by the robbery, it found that her emotional reaction did not rise to the level of a psychiatric problem or the level of disability within the meaning of Ark. Code Ann. § 11-9-102(5) (1987) [formerly Ark. Stat. Ann. § 81-1302(e) (Repl. 1976)].

Appellant's five arguments for reversal may be condensed to the following three points: (1) that the Commission erred in not giving the claimant the benefit of the doubt of all factual determinations, (2) that the Commission's findings were not based on substantial evidence, and (3) that any pre-existing injury did not disqualify appellant's claim.

■ Appellant's argument that the Commission erred by not giving her the benefit of the doubt lacks merit. Act 10 of 1986 states in part that the Commission must "weigh the evidence impartially and without giving the benefit of the doubt to any party" when determining whether a party has met the burden of proof on an issue. This court recently addressed that issue. *See*

*Marrable* v. *Southern LP Gas, Inc.*, 25 Ark. App. 1, 751 S.W.2d 15 (1988).

 Appellant has two arguments that we find persuasive concerning the basis of the Commission's decision. Appellant argues that the Commission should be reversed because its opinion states that it found "significant" that during the hearing before the law judge, appellant became upset and cried while testifying about being denied unemployment benefits and other related problems, but "not while describing the robbery." The only way the Commission could make that determination would be to rely upon the statement in the law judge's opinion or to rely upon statements in the transcript made by the court reporter and by the attorneys. In the first place, we do not believe those statements will support the Commission's finding; certainly not the finding that appellant did not become upset and cry "while describing the robbery." In the second place, the Commission's finding about the claimant's physical reactions during her testimony before the law judge is not a matter that the Commission can see or judge for itself. It is well settled that the Commission must weigh the credibility of the witnesses and that appellate courts are not at liberty to judge the witnesses' credibility on review. *Dena Construction Company* v. *Herndon*, 264 Ark. 791, 575 S.W.2d 155 (1979). Despite the deference this court must grant to the Commission in determining witnesses' credibility, we cannot allow the Commission to reach outside the record for facts that may or may not exist. Twenty-five years ago the Supreme Court of Arkansas held that "it is the duty of the Commission to make a finding according to a preponderance of the evidence, and not whether there is any substantial evidence to support the ruling of the Referee." *Moss* v. *El Dorado Drilling Company*, 237 Ark. 80, 371 S.W.2d 528 (1963). This rule still applies. *Dedmon* v. *Dillard Department Stores, Inc.*, 3 Ark. App. 108, 623 S.W.2d 207 (1981). We hold that in the instant case the Commission was not performing its duty, as set out in *Moss, supra*, by reaching a conclusion based on matters that it is not in a position to evaluate for itself.

 Appellee correctly states that this court must view the evidence in the light most favorable to the findings of the Commission and that our standard of review is whether the Commission's decision is supported by substantial evidence. *City*

*of Fayetteville* v. *Guess*, 10 Ark. App. 313, 663 S.W.2d 946 (1984). Those standards must not totally insulate the Commission from judicial review and render this court's function in these cases meaningless. We will reverse a decision of the Commission where convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission. *Boyd* v. *General Industries*, 22 Ark. App. 103, 733 S.W.2d 750 (1987). In the instant case, we cannot say that fair-minded persons would have reached the same conclusion about the "significant" factor of when appellant became upset while testifying and how that factor related to her credibility and to the cause of appellant's emotional problems.

■ Appellant also contends that the Commission erroneously characterized the testimony of appellant's psychiatrist, Dr. Price, concerning his opinion about the cause of appellant's emotional problems. In support of its conclusion that appellant's emotional problems were not causally linked to the robbery, the Commission stated:

> The preponderance of the evidence in the record is that even if Wade is too traumatized to work and in need of psychotherapy, the emotional problems stem not from the robbery but from the firing and accusations regarding the alleged cash shortages and the denial of benefits by the Employment Security Division. Not only do these other matters figure much more prominently in Dr. Price's reports and testimony, but we find it significant that Wade became distraught and began crying during the hearing before the Administrative Law Judge when questioned about the ESD problems but not while describing the robbery. . .

Although the Commission's opinion is correct in stating the rule from *Wilson & Company* v. *Christman*, 244 Ark. 132, 424 S.W.2d 863 (1968) that a physician's opinion is not conclusive or binding on the Commission, an administrative body like the Commission is not granted leeway to arbitrarily disregard a witness's testimony. *See Richards* v. *Daniels*, 1 Ark. App. 331, 615 S.W.2d 399 (1981). Even when questioned by appellee's attorney about the cause of appellant's difficulties, Dr. Price testified that appellant's legal problems since being fired were a

"provocative factor" but not the cause of her emotional problems. Dr. Price stated several times that his medical opinion was that the robbery was the cause of appellant's difficulties.

■ Appellant's final point is that she should not be denied additional workers' compensation benefits merely because of evidence that she had eye problems that pre-existed her compensable injury. Appellant correctly states the rule that when a pre-existing injury is aggravated by a later compensable injury, compensation is in order. *Henson* v. *Club Products*, 22 Ark. App. 136, 736 S.W.2d 290 (1987). However, a claimant must prove that a compensable injury is the cause of any aggravation to a pre-existing injury. *Id.*

For the reasons discussed, we remand for the Commission to make a new decision in keeping with this opinion.

Remanded.

MAYFIELD and COOPER, JJ., agree.