Angelia ISHIE *v.* James KELLEY

90-5                                                             788 S.W.2d 225

Supreme Court of Arkansas
Opinion delivered April 23, 1990

*Rieves & Mayton*, by: *Elton A. Rieves IV*, for appellant.

*The Etoch Law Firm*, for appellee.

STEELE HAYS, Justice. James Kelley was injured when his automobile was struck from behind by Angelia Ishie. Some three months later Kelley was injured again when a truck in which he was riding failed to negotiate a curve and turned over. Kelley sued Ishie for personal injuries and property damage. The jury awarded Kelley $50,000 and Ms. Ishie has appealed. We find merit in one of the assignments of error and, accordingly, we reverse and remand for a new trial.

Over Ms. Ishie's specific objection that there was insufficient evidence of a loss of profits, the trial court submitted that issue to the jury in the form of AMI 2206, which permitted the jury to consider as an element of damages, the value of "any profits lost and the present value of any profits reasonably certain to be lost in the future." That was error, in light of the testimony, and the judgment must be reversed.

Mr. Kelley testified that he operated his own plumbing business. He said that he had made $970 in January and February of 1988 leading up to the accident on February 24. In 1987 he had filed an income tax return reflecting income of $4,970 and had made approximately $8,000 ("a little more or a little less") in 1986. His income for 1985 was $15,000 ("it could have been a little more or a little less.") He was able to produce only one tax return for the previous five years, 1987, and on cross-examination said he did not know how much he had earned in 1986. While his testimony was undeniably vague as to earnings for the years involved, that alone might not compel reversal. The problem is the totals appear to be gross earnings, whereas Mr. Kelley conceded that he employed others to help him in the business, yet he offered no evidence whatever as to the cost of labor or other expenses, if any, from which net income could be determined.

It is settled law that past and future earnings or profits lost because of personal injuries are recoverable as damages. AMI 2206. *St. Louis San Francisco Ry. Co.* v. *Spradley*, 199 Ark. 174, 133 S.W.2d 5 (1939); *St. Louis, I. M. & S. Ry. Co.* v. *Eichelman*, 118 Ark. 36, 175 S.W. 388 (1915). However, it is equally true that in order to recover lost profits a plaintiff must present a reasonably complete set of figures and not leave the jury to speculate. *Sumlin* v. *Woodson*, 211 Ark. 211, 199 S.W.2d 936 (1947). That is to say, the law requires that profits be shown with reasonable certainty. *Swenson & Monroe* v. *Hampton*, 244 Ark. 104, 424 S.W.2d 165 (1968); *Crow* v. *Russell*, 226 Ark. 121, 289 S.W.2d 195 (1956).

Where, as here, it is evident that the only figures provided are gross amounts rather than net, with no basis from which a jury could reasonably infer the approximate net earnings of the plaintiff, any resulting verdict is based on conjecture. *Farmers Coop. Assn.* v. *Phillips*, 241 Ark. 28, 405 S.W.2d 939 (1966); *Beasley* v. *Boren*, 210 Ark. 608, 197 S.W.2d 287 (1946). In *Phillips*, reversal was compelled because the only proof of loss was testimony that the plaintiff had "received $1,866 for the last bunch of broilers sold, but this was the gross amount, there was no testimony as to the net amount."

Appellee regards this case as indistinguishable from *Coca-*

*Cola Bottling Co. of Southwest Arkansas* v. *Jones*, 226 Ark. 953, 295 S.W.2d 321 (1956). We cannot agree. In *Jones* the defendant made only a general objection to an instruction on the measure of damages, so the issue on review was simply whether the instruction was inherently wrong — the opinion suggesting that if the evidence of net or gross earnings was subject to challenge, a specific objection was called for.

It is clear in this case there was some uncertainty about the difference between loss of earnings and loss of earning capacity. When counsel for Ms. Ishie moved for a directed verdict with respect to the claim for loss of profits, counsel for Mr. Kelley responded that the evidence was offered to establish loss of earning *capacity* rather than loss of profits. Evidently on that basis the trial court denied the motion.

While loss of profits or earnings and loss of earning capacity have similarities, they are distinctly different concepts. The difference is explained in H. Woods, *Earnings and Earning Capacity as Elements of Danger In Personal Injury Litigation*, 19 Ark. L. Rev. 304 (1965), and *Cates* v. *Brown*, 278 Ark. 242, 645 S.W.2d 658 (1983). The problem here was not the admissibility of Mr. Kelley's testimony as to his earnings for purposes of proving the impact of an impaired earning capacity, but whether there was sufficient proof for the jury to determine the dollar value of a loss of past and future profits. For the reasons already explained, the evidence was not adequate, and AMI 2206 should not have been given over Ms. Ishie's objection.

Two additional arguments are rendered moot but are mentioned briefly for purposes of retrial. Ms. Ishie urges that the proof was insufficient to enable the jury to determine the amount of damage to Mr. Kelley's automobile. But testimony as to the before and after value was sufficient. Mr. Wesley King, whose qualifications as an expert were not challenged, testified that the car was totally destroyed, had a value before impact of $2,500 to $2,600 and a salvage value of $200. Second, Ms. Ishie contends that portions of the deposition of Dr. John L. Wilson should have been stricken because Mr. Kelley failed to tell Dr. Wilson that he had sustained injuries in the second accident and Dr. Wilson could not render a medical opinion that the collision with Ms. Ishie was the cause of Mr. Kelley's residual complaints. While we

think it unlikely that Dr. Wilson's deposition will be offered in the identical form at retrial, we point out that under the general rule, expert testimony is subject to being stricken if it is demonstrated that the witness "has no reasonable basis whatever for an opinion." However, if the opinion is merely weak or questionable, that fact bears on the weight to be given the testimony and not to its admissibility. *Wallace* v. *Williams*, 263 Ark. 702, 567 S.W.2d 111 (1978), *Arkansas State Highway Comm.* v. *Jones*, 256 Ark. 40, 505 S.W.2d 210 (1974). Thus, the burden will be upon Ms. Ishie to demonstrate that Dr. Wilson had no reasonable basis whatever to support his opinion as to the cause and permanency of Mr. Kelley's injuries. Whether the admission of Dr. Wilson's identical testimony would constitute reversible error will depend on such additional considerations as whether it is merely cumulative of other medical testimony, as in the first trial, and whether it substantially affects the rights of the defendant so that prejudice results. A.R.E. Rule 103(a). We will not attempt to anticipate how the proof at retrial will develop; we simply alert the trial court and the plaintiff to the fact that in its current state, Dr. Wilson's deposition presents potential problems.

For the reasons stated, the judgment on the verdict is reversed and the case is remanded for further proceedings.