Sandra Gale REEDER *v.* RHEEM MANUFACTURING COMPANY and National Union Fire Insurance Company of Pittsburgh, Pennsylvania

CA 91-273·                                           832 S.W.2d 505

Court of Appeals of Arkansas
En Banc
Opinion delivered June 10, 1992
[Rehearing denied July 8, 1992.]

*Eddie H. Walker, Jr.* and *Melissa E. Smith*, for appellant.

*Warner & Smith*, by: *Wayne Harris*, for appellees.

JOHN E. JENNINGS, Judge. Sandra Reeder sustained a compensable injury to her right wrist, carpel tunnel syndrome, while employed by Rheem Manufacturing Company. She underwent a surgical procedure known as a carpal tunnel release. Her healing period was found to have ended by September 1, 1989. Dr. Kenneth Rosensweig, the orthopaedic surgeon chosen by appellee, estimated Reeder's permanent anatomical impairment at six percent; Dr. Munir Zufari, a vascular surgeon, estimated it at fifteen percent.

Reeder's claim for permanent partial disability was denied first by the administrative law judge and then by the full Commission on a two-one vote. The contention on appeal is that the Commission misinterpreted Ark. Code Ann. § 11-9-704(c) (Supp. 1991). We agree and reverse. The code section at issue provides:

> (c) EVIDENCE AND CONSTRUCTION. (1) At the hearing the claimant and the employer may each present evidence in respect of the claim and may be represented by any person authorized in writing for such purpose. The evidence may include verified medical reports which shall be accorded such weight as may be warranted from all the evidence of the case. *Any determi-*

*nation of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings.*

(2) When deciding any issue, administrative law judges and the commission shall determine, on the basis of the record as a whole, whether the party having the burden of proof on the issue has established it by a preponderance of the evidence.

(3) Administrative law judges, the commission, and any reviewing courts shall construe the provisions of this chapter liberally, in accordance with the chapter's remedial purposes.

(4) In determining whether a party has met the burden of proof on an issue, administrative law judges and the commission shall weigh the evidence impartially and without giving the benefit of the doubt to any party.

(Emphasis added).

The issue in the case at bar is the meaning of the italicized sentence. The Commission's opinion states:

[T]he purpose of § 704(c)(1) is to promote objectivity and encourage consistency in physicians' assessment of whether permanent impairment exists, and if so, the extent of that impairment. While the claimant contends that subjective complaints are acceptable criteria in the American Medical Association's Guides to the Evaluation of Permanent Impairment, we note as respondent points out that those guides had been published prior to the legislative enactment of § 11-9-704(c)(4). Had the General Assembly desired to make those guides the basis for an award of permanent impairment they could have done so. However, the General Assembly chose not to make the guides the basis for an award of permanent impairment.

The Commission then found that the fifteen percent permanent anatomical disability rating given by Dr. Zufari and the six percent anatomical rating given by Dr. Rosensweig were entitled to no consideration because the ratings did not comply with the statute's requirement that they be supported by "objective and

measurable physical findings." The Commission saw no ambiguity in the statute and applied the general rule that words are given their ordinary meaning and statutes are applied as written. *Bolden* v. *Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986). We do not agree that the statute is so clear. There is no legislative history for us to turn to and neither party contends that this language appears in any other state's workers' compensation law.

It is apparent that the word "determination" as used in the statute might refer either to a determination of impairment made by a doctor or to one made by the Commission. The Commission took the view that unless the doctor's opinion as to permanent impairment was expressly based on objective and measurable physical findings, it was unworthy of consideration. We think that the word "determination" as used in the statute refers to the Commission's determination of physical impairment. The statute prohibits such a determination unless the record contains supporting "objective and measurable physical or mental findings." Our view is closer to the position taken by the dissenting commissioner: "The statute precludes an award for permanent disability only when it would be based solely on subjective findings."

It is a familiar rule that workers' compensation statutes are to be liberally construed in accordance with the law's remedial purposes. *Farm Air Corp.* v. *Reader*, 11 Ark. App. 72, 666 S.W.2d 717 (1984). This rule of construction has now been codified. Ark. Code Ann. § 11-9-704(c)(3). In interpreting an act it is permissible to examine its title. *Morely* v. *Capital Transp. Co.*, 217 Ark. 583, 232 S.W.2d 641 (1950); *Roscoe* v. *Water & Sewer Improvement Dist. No. 1*, 216 Ark. 109, 224 S.W.2d 356 (1949). Parts of statutes relating to the same subject matter must be read in the light of each other. *State* v. *Hannah*, 131 Ark. 129, 198 S.W. 881 (1917); *see also Lybrand* v. *Wafford*, 174 Ark. 298, 296 S.W. 729 (1927).

The title of Ark. Code Ann. § 11-9-704(c), "EVIDENCE AND CONSTRUCTION", obviously refers to functions of the Commission. Doctors are not charged with the duties of taking evidence or construing statutes. Similarly, when the verb "to determine" is used elsewhere in subsection (c), it refers to determinations made by the Commission. Ark. Code Ann. § 11-

9-704(c)(2) and (4).

■ Clearly, the Commission is not bound by medical opinion, *Mosley* v. *McGehee Sch. Dist.*, 36 Ark. App. 11, 816 S.W.2d 891 (1991), although it may not arbitrarily disregard the testimony of any witness. *Wade* v. *Mr. C. Cavenaugh's*, 25 Ark. App. 237, 756 S.W.2d 923 (1988). It is also entitled to examine the basis for a doctor's opinion, like that of any other expert, in deciding the weight to which that opinion is entitled. *See Ishie* v. *Kelly*, 302 Ark. 112, 788 S.W.2d 225 (1990). The statute at issue, however, does not require that the Commission automatically reject a doctor's opinion as to permanent impairment merely because the doctor has used American Medical Association guides as a basis for opinion or because the doctor himself describes the bases for his opinion as "subjective."

Dr. Rosensweig originally estimated that Reeder had a six percent permanent partial disability to the body as a whole as a result of the carpal tunnel syndrome. On deposition he testified:

> Compression of the median nerve can be documented by neurologic testing. I believe that it has been shown if you do a surgical release of the volar carpal ligament to decompress the tunnel to alleviate the pressure on the nerve, this gets rid of the numbness and tingling, but does not address the swelling of the tendons that initiated the problem. I do not believe surgical release gives 100% recovery ordinarily. I believe the reasons why 100% recovery is not obtained may include irreversible injury to the median nerve, patient's response to the surgery, motivation to recover from an injury, and perhaps other factors. I have found individuals may obtain good results from carpal tunnel releases but then go back to a similar type of repetitive action job and again experience pain and swelling.

After receiving a letter from appellee's counsel, Rosensweig wrote:

> Therefore, per your request, I should modify the impairment rating to zero impairment of the right upper extremity secondary to carpal tunnel syndrome, based on the lack of objective impairment, i.e., loss of range of motion, loss of

body parts, etc. . . .

> You have referred to an Arkansas law and provision as far as guidelines in providing this information. It would be greatly appreciated if you could forward me copies of the rules and regulations in providing impairment ratings that you are looking for so I can be more efficient in the future.

Dr. Rosensweig performed a Phalen's test, described in his testimony as "where you bend the wrist down in a position where it can kink the median nerve. If you hold it down there for a minute and it recreates the pain and numbness, then that would be a positive Phalen's. If you hold the hand down for a period of time and it doesn't create any recurrence of symptoms, then it is a negative Phalen's." He also measured Reeder's grip strength by asking the claimant to grab his fingers as opposed to using a "grip dynamometer." He described her grip strength as "adequate but less than what I would expect."

Dr. Rosensweig described these tests as "subjective" and the Commission treated that description as conclusive. But it is the function of the Commission and the courts to decide what is an objective finding within the meaning of the law. Certainly there is a subjective component to both the Phalen's test and the "grip strength" test, but both are clinically observable and capable of measurement. They are similar in nature to a range of motion examination, which we have recently held is sufficiently objective to satisfy the statute. *Taco Bell* v. *Finley*, 38 Ark. App. 11, 826 S.W.2d 313 (1992). Results of tests similar to the Phalen's test (Fabere and Laseque's) have been recognized as constituting "objective findings". *Keck* v. *Bowen*, 651 F. Supp. 1160 (W.D. Pa. 1987).

■ Our holding in the case at bar is only that Ark. Code Ann. § 11-9-704(c)(1) does not require that either the opinion of Dr. Zufari or Dr. Rosensweig be disregarded by the Commission and that, under the facts of this case, the statute does not bar an award for permanent disability. We reverse and remand this case to the Commission for further proceedings consistent with this opinion.

Reversed and remanded.