The Honorable Billi Fletcher State Representative 403 West Palm Street Lonoke, Arkansas 72086-3445
Dear Representative Fletcher:
This is in response to your request for an opinion on whether Act 1130 of 1993 enables cities and towns with balances in their local police pension and relief funds and no participants, to transfer these balances to their respective city or town general funds for capital improvements.
It is my opinion that the answer to your question is "yes."
Act 1130, in Section 2, provides that:
 Any city or town whose local police or fire pension and relief fund with a balance and no participants and excess in its local LOPFI subsidy account can transfer money left in the subsidy account to the city or town general fund for capital improvements.
The provision above clearly authorizes the transfer of excess funds in the LOPFI subsidy account. As you indicate, however, this provision does not expressly authorize the transfer of excess local police pension and relief funds, although such funds are specifically referenced in the first part of Section 2. It is my opinion, however, that a construction of the act as a whole, leads to the conclusion that the act was intended to authorize the transfer of local pension and relief funds where there is a balance in the fund and the fund has no participants.
The primary rule of statutory construction, to which all other must yield, is to discern and give effect to the intention of the legislature. Roy v. Farmers Merchants Ins. Co., 307 Ark. 213,819 S.W.2d 2 (1991). Additionally, the Arkansas Supreme Court will interpret a statute in such a way as to give meaning and effect to every word in the statute, (State v. Joshua,307 Ark. 79, 818 S.W.2d 249 (1991)), and a construction which would render meaningless one or more clauses of an act is to be avoided.Second Injury Fund v. Yarbrough, 19 Ark. App. 354,721 S.W.2d 686 (1986). Finally, in construing legislative acts, it is permissible to examine the title. Reeder v. Rheem Mfg. Co.,38 Ark. App. 248, 832 S.W.2d 505 (1992). Although the title of an act is not controlling, it may be used as a guide to legislative intent where the text of the act is ambiguous. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d (1992).
The title of Act 1130 is as follows:
 An act to amend Arkansas Code § 24-12-109 to provide the board of trustees of nonuniformed municipal employees pension and relief funds with more than one hundred thousand dollars ($100,000) in assets with additional investment authority; To provide that excess pension funds may be transferred to the city or town general fund for capital improvements; and for other purposes. [Emphasis added.]
The title of the act, in my opinion, which refers to the transfer of "excess pension funds," coupled with the requirement of giving effect to every word in the act, leads to the conclusion that Act 1130 was intended to authorize the transfer of fund balances in a local police or fire pension fund where there are no participants in the fund.
It is therefore my opinion that the answer to your question is "yes."
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh