William CROW *v.* WEYERHAEUSER COMPANY

CA 93-744                                            880 S.W.2d 320

Court of Appeals of Arkansas
En Banc
Opinion delivered July 6, 1994

*Wright, Chaney, Berry & Daniel, P.A.*, by: *Don P. Chaney*, for appellant.

*Wright, Lindsey & Jennings*, for appellee.

JUDITH ROGERS, Judge. This is an appeal from the Workers' Compensation Commission's decision finding that appellant failed to prove by a preponderance of the evidence that he was entitled to receive permanent partial disability benefits. On appeal, appellant contends that the Commission erred in its interpretation and application of Ark. Code Ann. § 11-9-704(c)(1) (Supp. 1993) and that the Commission erred in not considering new evidence. We disagree on both points and affirm.

The record reflects that appellant sustained a compensable injury in the course and scope of his employment with appellee on November 28, 1989. According to appellant, he was attempting to separate two kiln trucks, when he felt a sensation which he testified "felt like somebody had thumped him in the right testicle." Appellee accepted appellant's injury as compensable. Dr. Dale Gullett examined the appellant and could not determine the source of appellant's pain. Dr. Gullett referred appellant to Dr. John Hearnsberger. Dr. Hearnsberger discovered an inguinal hernia and operated to repair it. Appellee paid for the cost of the surgery to repair appellant's hernia. After the surgery, the appellant continued to complain of pain and was off work drawing temporary total disability benefits. Six weeks after appellant's surgery, appellee ceased payment of temporary total disability benefits.

Appellant filed a claim for additional benefits contending that he was entitled to permanent partial disability benefits based upon a ten percent rating by Dr. John R. Gregory. Appellee controverted any additional benefits other than those paid for the work-related hernia. The administrative law judge denied benefits. The Commission reviewed the case and denied benefits and appellant's request for the Commission to consider newly discovered evidence.

Appellant appealed the Commission's decision. We issued an unpublished opinion on December 23, 1992, remanding the case for the Commission to reconsider its decision in light of our recent opinion in *Keller* v. *L.A. Darling Fixtures*, 40 Ark. App. 94, 845 S.W.2d 15 (1992). The Commission reconsidered the case in light of *Keller*, and again denied benefits. This appeal followed.

■■ Where the Commission's denial of relief is based on the claimant's failure to prove entitlement by a preponderance of the evidence, the substantial evidence standard of review requires us to affirm if the Commission's opinion displays a substantial basis for the denial of relief. *Moser* v. *Arkansas Lime Co.*, 40 Ark. App. 108, 842 S.W.2d 456 (1992). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm

its decision. *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 42 Ark. App. 168, 856 S.W.2d 30 (1993). In conducting our review, we recognize that it is the function of the Commission to determine the credibility of the witnesses and the weight to be given their testimony. *CDI Contractors* v. *McHale*, 41 Ark. App. 57, 848 S.W.2d 941 (1993). The Commission also has the duty of weighing the medical evidence as it does any other evidence, and resolving any conflict is a question of fact for the Commission. *Chamberlain Group* v. *Rios*, 45 Ark. App. 144, 871 S.W.2d 595 (1994). However, the Commission is not bound by medical opinion, although it may not arbitrarily disregard the testimony of any witness. It is also entitled to examine the basis for a doctor's opinion in deciding the weight to which that opinion is entitled. *Reeder* v. *Rheem Mfg. Co.*, 38 Ark. App. 248, 832 S.W.2d 505 (1992).

Appellant argues that the Commission erred in its interpretation and application of Ark. Code Ann. § 11-9-704(c)(1) (Supp. 1993), contending that the Commission construed the statute strictly by requiring the determination of the existence of an "abnormality."[1] We disagree.

Arkansas Code Annotated § 11-9-704(c)(1) provides in part that "*any determination of the existence* or extent of physical impairment *shall be supported by objective and measurable physical or mental findings.*" The Commission found that appellant failed to present objective medical evidence to support his claim, as required by Ark. Code Ann. § 11-9-704(c)(1). The Commission explained that in considering claims for permanent partial disability the first determination is:

> [W]hether the evidence shows the presence of an abnormality which could reasonably be expected to produce the permanent physical impairment alleged by the injured worker. Then, if we determine that an abnormality has produced a permanent physical impairment, we must also evaluate the evidence to determine the extent of the impairment. With regard to both of these determinations, Ark.

---

[1]While not applicable to the case before us, we note that Ark. Code Ann. § 11-9-704(c)(3) was amended in 1993. The amendment substituted the word "strictly" for the word "liberally" and became effective on July 1, 1993.

Code Ann. § 11-9-704(c)(1) (1987) provides that '[a]ny determination of the *existence* or extent of physical impairment shall be supported by objective and measurable physical or mental findings.' Therefore, Ark. Code Ann. § 11-9-704(c)(1) provides a specific element of proof which must be found before the Commission can find the *existence* or extent of a permanent physical impairment.

(Emphasis added.) After considering this case in light of *Keller* v. *L.A. Darling Fixtures, supra*, the Commission determined that there was no objective and measurable findings to support a finding of the existence of an impairment.

The record contains an extensive medical history of examinations and treatments by at least six doctors, including an orthopedic physician and three other specialists, none of whom could propose an explanation for the source or cause of appellant's pain. After appellant's hernia repair, Dr. Hearnsberger's records indicate that appellant was complaining of "recurrent pain" which appellant maintained was "exactly the same pain he had prior to his operation." Consequently, Dr. Hearnsberger concluded that the hernia was not the cause of the pain appellant began experiencing in November of 1989. Dr. Hearnsberger's report on February 19, 1990, indicates that he was unable to determine the source of appellant's pain.

The record also reflects that appellant was examined by Dr. T. M. O'Gorman, a urologist, on April 13, 1990. Dr. O'Gorman noted that he could "find absolutely no abnormality of the [right] testicle" and that the testicle was not tender to palpation. Appellant was also referred to Dr. John R. Gregory, an orthopedic physician. Dr. Gregory performed an x-ray, a myelogram, a CT scan, an MRI, and a diskogram. All of these tests revealed normal findings. It appears from the evidence presented that the only source of information for Dr. Gregory's evaluation and his determination of a ten percent permanent partial disability rating is the appellant's complaint of pain and appellant's response of being in pain during the functional evaluation test.

Appellant and his wife testified that appellant had no significant physical problems prior to the incident on November 28, 1989. However, the evidence presented shows that appellant

sought treatment from Dr. Mark Floyd, his regular physician, on October 19, 1989, for complaints of right testicular and groin pain. Appellant also testified on January 4, 1991, that he continued to feel a burning and throbbing sensation in his right testicle. According to appellant, he was never free of pain and physical activity exacerbates the pain. However, the record indicates that since September of 1990, appellant has been employed driving a truck ten to twelve hours a day, five to six days a week. The record also reflects that the recurrence of appellant's pain occurred shortly after a dispute arose between appellant and appellee because appellant's temporary total disability had been discontinued after he was observed driving a log truck and unbinding his load.

■ The Commission reviewed the case in light of *Keller* and determined that appellant failed to prove that he sustained a permanent physical impairment. The Commission emphasized that there was no objective evidence in the record to prove the existence of any underlying damage which would substantiate appellant's complaints of pain. The Commission noted that appellant had been performing work after his hernia repair; therefore, it is implicit from the Commission's opinion that it found appellant's complaints of constant pain unbelievable. After reviewing all the evidence in the record, we cannot say that there is no substantial basis for the Commission's denial of permanent partial disability benefits.

The dissent appears to agree with the appellant that the use of the word "abnormality" establishes an additional requirement under Ark. Code Ann. § 11-9-704(c). We do not think that this assumption is correct. The Commission chose to use the word "abnormality" to reflect an underlying cause producing the appellant's alleged pain. Arkansas Code Annotated § 11-9-704(c) requires that any determination of the existence of a physical impairment shall be supported by objective and measurable findings. Although the Commission chose to use the medical term "abnormality" in describing the existence of an impairment, it did not establish an additional requirement under Ark. Code Ann. § 11-9-704(c).

■■ Appellant also argues that the Commission erred by not considering newly discovered evidence, specifically a report

by Dr. John Bomar, a chiropractor. Whether to remand for taking additional evidence is a determination within the Commission's discretion; on appeal an exercise of that discretion will not be lightly disturbed. *Johnson v. American Pulpwood Co.*, 38 Ark. App. 6, 826 S.W.2d 827 (1992). A case should be remanded only if the newly discovered evidence is relevant, is not merely cumulative, would change the result, and was diligently discovered and produced by the movant. *Id.* In our unpublished opinion remanding this case back to the Commission, we stated that appellant could renew his request for reconsideration of Dr. Bomar's report. The record reflects that appellant did not renew his request; therefore, we decline to address this issue.

Affirmed.

JENNINGS, C.J., concurs.

MAYFIELD, J., dissents.

JOHN E. JENNINGS, Chief Judge, concurring. I do not agree that the Commission decided this case on the basis of Ark. Code Ann. § 11-9-704(c)(1), but I concur in the result reached by the majority.

MELVIN MAYFIELD, Judge, dissenting. This matter was here before and was remanded to the Commission by an unpublished opinion dated December 23, 1992. That opinion stated that the case was remanded to be reconsidered in light of this court's opinion in *Keller v. L.A. Darling Fixtures*, 40 Ark. App. 94, 845 S.W.2d 15 (1992), as to the meaning of the "objective and measurable" requirement contained in Ark. Code Ann. § 11-9-704(c) (Supp. 1991).

It is my position that the Commission did not comply with the mandate of our previous opinion. I do not address the question of what the ultimate decision of the Commission should be — nor am I concerned with whether our decision in *Keller* was right or wrong. It is my position that under the doctrine of the law of the case, the Commission must decide this case under the rules, definitions, and findings made by our opinion in *Keller* so far as the "objective and measurable" requirements are concerned. The Commission, however, held:

Allegations about the intensity and persistence of pain or

other symptoms may be considered only if medical signs and laboratory findings show the presence of an abnormality which could reasonably be expected to produce the pain or other symptoms alleged.

By requiring the presence of an "abnormality" in order to have objective and measurable findings, the Commission injected an element into the equation not authorized by the *Keller* opinion. In fact, I am shocked by the Commission's constant and consistent use of the word "abnormality." In the appellant's abstract of the Commission's opinion — an abstract to which the appellee makes no objection — the word "abnormality" appears a total of 24 times in the 22-page abstract. In contrast, I have been unable to find that word — not even one time — in the *Keller* opinion. It is hard to understand how the Commission could use that word 24 times while considering this case in the light of the *Keller* opinion which did not use the word even one time.

So, the Commission departs from our decision in *Keller*, where we quoted from our decision in *Reeder* v. *Rheem Manufacturing Co.*, 38 Ark. App. 248, 832 S.W.2d 505 (1992), the holding that, "The statute precludes an award for permanent disability *only* when it would be based *solely* on subjective findings.'" Actually, the Commission's opinion quotes that statement, citing both *Keller* and *Reeder* as its source, but has added the word "abnormality" to the language of *Keller* and *Reeder*. Not only is the word added, but the concept is changed. The Commission is equating the concept of "based solely on subjective findings" with the requirement of "the presence of an abnormality." I submit, however, that precluding an award for permanent disability "based solely on subjective findings" is not the same as precluding such an award unless the "presence of an abnormality sufficient to produce the pain alleged" is demonstrated.

Therefore, because the Commission did not follow our decision in *Keller* as directed by us in our remand of the instant case, I would again remand for the Commission to make a decision in keeping with *Keller.*