## Mary JORDAN *v.* J.C. PENNEY COMPANY

CA 96-1034                                    944 S.W.2d 547

Court of Appeals of Arkansas
Division I
Opinion delivered April 30, 1997

*Denver L. Thornton*, for appellant.

*Robert H. Montgomery*, for appellee

TERRY CRABTREE, Judge. Appellant Mary Jordan appeals from the decision of the Workers' Compensation Commission, which adopted the decision of the Administrative Law Judge, denying her claim for benefits. We reverse.

Appellant is a sixty-one-year-old high-school graduate who worked as a sales clerk for J.C. Penney for seventeen years. She seeks benefits for an injury that occurred on September 14, 1993, based on her testimony that as she reached into a jewelry case while helping a customer, she felt an immediate severe pain in her back. She became faint and ill and was carried to her home where she stayed for a week on pain medication until she could see Dr. Wilbur Giles in Little Rock. Dr. Giles performed an MRI and then a surgical procedure called a lumbar laminectomy, removing a large ruptured disc from the lumbar region.

Appellee contends that appellant did not sustain an accidental injury in the course of her employment and that she is therefore not entitled to benefits.

The Administrative Law Judge heard testimony from appellant and from her supervisor, Mr. Clayton Alexander. Additionally, appellant's medical records were introduced. Despite her testimony to the contrary, the Administrative Law Judge found that appellant did not suffer a specific-incident type injury in the course of her employment, *see* Ark. Code Ann. § 11-9-102(5)(A)(i) (Repl. 1996), and denied appellant all benefits. The Commission adopted the ALJ's decision.

The only question for this court to review is whether the decision of the Commission denying benefits to appellant is supported by substantial evidence. Based on the abstracted testimony

and medical evidence, we find it is not and reverse and remand to the Commission for an award of benefits consistent with this opinion.

■ This court reviews decisions of the Workers' Compensation Commission to see if they are supported by substantial evidence. *Deffenbaugh Indus. v. Angus*, 39 Ark. App. 24, 832 S.W.2d 869 (1992). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. *Wright v. ABC Air, Inc.*, 44 Ark. App. 5, 864 S.W.2d 871 (1993). The issue is not whether this court might have reached a different result from that reached by the Commission, or whether the evidence would have supported a contrary finding. If reasonable minds could reach the result shown by the Commission's decision, we must affirm the decision. *Bradley v. Alumax*, 50 Ark. App. 13, 899 S.W.2d 850 (1995).

■ To make this court's review process a meaningful one, the Commission has the duty to translate the evidence on all issues before it into findings of fact. *Sanyo Manufacturing Corp. v. Leisure*, 12 Ark. App. 274, 675 S.W.2d 841 (1984). Despite this stringent standard of review, we have recognized:

> Those standards must not totally insulate the Commission from judicial review and render this court's function in these cases meaningless. We will reverse a decision of the Commission where convinced that fair-minded persons with the same facts before them could not have arrived at the conclusion reached by the Commission.

*Wade v. Mr. C. Cavenaugh's*, 25 Ark. App. 237, 242, 756 S.W.2d 923, 925 (1988) (citing *Boyd v. General Industries*, 22 Ark. App. 103, 733 S.W.2d 750 (1987)).

With the above standard of review in mind, this court assesses the evidence to see if reasonable persons could reach the same conclusion. Here, the evidence is limited to the testimony of two individuals and the appellant's medical records.

Only two witnesses testified before the ALJ — the claimant/appellant and her supervisor, Mr. Clayton Alexander.

The appellant related in great detail the onset of her injury. She recounted a specific time, place, and incident — 2:30 p.m. on September 14, 1993, at the J.C. Penney store where she had been employed for seventeen years, while bending to remove a piece of jewelry from a case to show a customer. The only other witness, Mr. Alexander, corroborated appellant's story: "[s]he looked very pale and weak . . . she was weak, like I said." Further, Mr. Alexander admitted that he did not see the incident and, therefore, could not possibly testify that it did not occur the way appellant said it did. Mr. Alexander testified:

> Q. Was there any doubt in your mind that she was in bad condition when she left the store, health wise?
> A. Yes, I was quite concerned because, like I say, she was pale and weak looking.
> Q. Had she been waiting on a customer, do you know?
> A. I couldn't say because I was in the office and received the call.

Appellee did attack appellant's credibility indirectly on cross-examination with questions about appellant's prior back injury from an auto accident and with questions on appellant's proximity to retirement. Also, the cross-examination pointed out the differing accounts of the injury in the medical records.

Based on this limited testimony, the ALJ made the following finding: "Although the claimant testified as to an identifiable time and place there was no specific incident which was related to her employment." The ALJ translated this perceived deficiency in the evidence into the finding that, "The claimant has failed to prove by a preponderance of the evidence that her back condition arose from her employment with the respondent." These conclusions are not supported by the testimonial evidence in the record. In fact, they cannot even be inferred from the evidence in the record. While we recognize that the testimony of a party is never considered uncontroverted, *Nix v. Wilson World Hotel*, 46 Ark. App. 303, 307, 879 S.W.2d 457, 460 (1994), the Commission is not entitled to arbitrarily disregard the testimony of any witness. *Reeder v. Rheem Mfg. Co.*, 38 Ark. App. 248, 252, 832 S.W.2d 505, 507 (1992) (citing *Wade, supra*).

The only other evidence of record is the medical reports submitted to the Commission. These records are never mentioned in the ALJ's decision, or in the Commission's adoption of the ALJ's decision. Further, these records specifically corroborate appellant's contention and directly contradict the conclusion of the Commission. In a letter report from Dr. Giles to Dr. Bryant dated September 21, 1993, appellant's treating physician stated:

> She had previously undergone a lumbar laminectomy in Spring, 1993. She had gone back to work and had been asymptomatic with no difficulties until the onset of the present symptoms. This appears to be a new injury and not related to her previous problems.
>
> Her MRI scan shows a large disc at 4-5 on the right with marked root compression.
>
> On physical examination she has limitation in flexion, extension and rotation with paralumbar spasm. She has a positive straight leg raising at 60 degrees on the right with accentuation of dorsiflexion and some mild toe weakness.
>
> I am admitting her to the Baptist Hospital for a lumbar laminectomy.

There is no conflicting medical evidence in the record.

Based on the only evidence in the record — both testimonial and medical documentation — it is impossible for us to imagine how fair-minded persons with the same cold record before them could agree that appellant did not suffer a compensable specific-incident injury in the course of her employment. Ark. Code Ann. § 11-9-102(5)(A)(i) (Repl. 1996). While the Commission is the finder of fact, and judging the credibility of witnesses is exclusively within the Commission's province, see *Kuhn v. Majestic Hotel*, 324 Ark. 21, 24, 918 S.W.2d 158, 160 (1996), the court cannot presume for the Commission adequate findings of fact to support the Commission's decision when no basis in the record supports such action. Instead, the ALJ chose to base his decision on the lack of a specific incident. This is not based on the facts in the record, and it is contradictory to his own finding of a specific time and place for the injury. For our review process to be mean-

ingful, such a decision not based on substantial evidence must be reversed. See *Wade, supra,* and *Boyd, supra.*

■ Based on the medical evidence of appellant's injury, the appellant's account of the injury, and the Commission's inconsistent findings of fact, we find that fair-minded persons could not come to the conclusion of the Commission in denying benefits for appellant's injury. Therefore, the decision is reversed and remanded for an award of benefits consistent with this opinion.

Reversed and remanded.

ROBBINS, C.J., and STROUD, J., agree.