Mrs. Wallace VOSS, Widow of Wallace Voss, deceased
v. WARD'S PULPWOOD YARD and American
Mutual Lia. Ins. Co.

5-5203                                              452 S. W. 2d 629

Opinion delivered April 6, 1970
[Rehearing denied May 11, 1970.]

*McMath, Leatherman, Woods & Youngdahl;* By:
*Silas H. Brewer, Sr.,* for appellant.

*Smith, Williams, Friday & Bowen;* By: *William H.
Sutton* and *Frederick S. Ursery,* for appellees.

Frank Holt, Justice. In this workmen's compensation case the only issue is whether the deceased was

an employee of Ward's Pulpwood Yard or an independent contractor at the time of his death. The referee conducted a hearing and dismissed appellant's claim on the basis that the decedent was an independent contractor and not Ward's employee. The dismissal of the claim was affirmed by the Workmen's Compensation Commission and by the circuit court from which comes this appeal.

Appellant first contends for reversal that the circuit court erred in affirming the commission's dismissal of this claim on the ground that the deceased was not Ward's employee. We review the evidence to determine if there is substantial evidence to support the findings of the commission, inasmuch as we are committed to the rule that the findings of the commission, like that of a jury, will be upheld if there is any substantial evidence to support its action. *Herman Wilson Lbr. Co. et al* v. *Lester Hughes,* 245 Ark. 168, 431 S. W. 2d 487 (1968).

Appellee Ward had a written contract with International Paper Company to cut and haul timber to its mill from a tract of land owned by the paper company. By this contract Ward was to cut and haul all of the merchantable pine timber that measured four inches or larger in diameter. Appellee Ward entered into an oral contract with Wallace Voss to perform Ward's contract obligations to the paper company. It was agreed that Ward would pay Voss a certain sum of money for each cord of wood he cut and hauled from the paper company's land to the mill. Mr. Voss suffered a fatal heart attack when he and his helper attempted to free Voss's loaded truck which had become "stuck" or mired in the woods as they were hauling a load to the mill. Voss, the decedent, owned all the equipment, including saws and truck, necessary to perform his contract with Ward. He had two employees which he hired, controlled, and paid per load by the week. Voss had worked primarily for Ward for about three years. During this time he also hauled timber for others. Sometimes Voss himself would buy timber and

sell it to Ward, as would other haulers. There was no requirement that Voss work any particular time. The cutting, loading, and hauling of the pine timber were entirely within the discretion of Voss, except that Ward would occasionally examine the cutting operation to determine if the size of the logs being cut met the terms of the agreement. Ward made no deductions of any kind whenever he paid Voss.

We must agree with the appellees that there is substantial evidence to support the commission's finding that Mr. Voss, the deceased, was not an employee of appellee Ward. *Lockeby* v. *Ozan Lbr. Co.,* 219 Ark. 154, 242 S. W. 2d 115 (1951); *Marceline Pearson et al* v. *Lake Lawrence Pulpwood Co. et al,* (Dec. 8, 1969) 447 S. W. 2d 661. Nor can we agree with the appellant that *Hale* v. *Mansfield Lbr. Co.,* 237 Ark. 854, 376 S. W. 2d 670 (1964), is applicable. In that case the company agreed to pay workmen's compensation insurance premiums upon the claimant as a part of his remuneration. No such agreement exists in the case at bar. Neither can we agree with the appellant that Ark. Stat. Ann. § 81-1306 (Repl. 1960) is applicable. That statute provides that the prime contractor shall be liable for compensation to the employees of a sub-contractor when the sub-contractor fails to secure the required workmen's compensation insurance.

The appellant next contends that the appellees are estopped from defending this claim upon the basis that Mr. Voss was an independent contractor. This is predicated upon the fact that Ward had turned in a claim for Voss about a year previous and it had been paid. Ward testified that he thought Voss was an independent contractor. However, the insurance carrier was never made aware that Voss was considered an independent contractor. The appellant relies upon *Stillman* v. *Jim Walter Corp.,* 236 Ark. 808, 368 S. W. 2d 270 (1963),

and *Hale* v. *Mansfield Lbr. Co., supra,* where the doctrine of estoppel was applied. We do not consider these cases controlling in the case at bar. In each of those cases there was a contractual agreement that the payment of workmen's compensation insurance premiums by the company was a part of each claimant's pay and these premiums were deducted from the payments made to the claimant. No such agreement or deduction appears to exist in the case at bar. Nor is there sufficient evidence adduced as to the exact relationship between the parties and the present appellee carrier when this previous claim was paid. See *Marceline Pearson et al* v. *Lake Lawrence Pulpwood Co. et al, supra.*

The appellant next asserts that regardless of the decedent's employment status and the availability of the doctrine of estoppel, the appellees are contractually obligated to pay workmen's compensation benefits in the circumstances of the case at bar. We find no merit in this contention. Appellant relies upon Ward's compensation insurance policy which provides that the policy premium is to be computed on the basis of the annual remuneration paid to persons engaged in: "Logging or lumbering—pulpwood exclusively—including transportation of logs to mill . . . drivers." And paid to: "* * * (a) all executive officers and other employees of the insured engaged in operations covered by this policy, and (b) any other person performing work which may render the company liable under this policy for injury to or death of such person in accordance with the workmen's compensation law . . ."

It is appellant's argument that what Ward paid to Voss must have been considered in the computation of the annual premiums which Ward paid on his policy of workmen's compensation insurance and, furthermore, that it is clearly inferable that Ward procured insurance coverage for Mr. Voss and his helpers. There is no evidence that insurance premiums were being paid by appellee Ward based upon remuneration to claimant's decedent or that there was an obligation to do so.

As indicated, there is an absence of proof of any contractual agreement between the parties as to the payment of premiums such as existed in *Stillman* v. *Walter, supra,* and *Hale* v. *Mansfield, supra.* The burden of proof rests upon a claimant to establish his claim for compensation. *Brooks* v. *Wage et al,* 242 Ark. 486, 414 S. W. 2d 100 (1967).

The finding of the commission was based upon substantial evidence, therefore, the judgment of the circuit court is affirmed.

Affirmed.