LEGACY LODGE NURSING HOME and Rockwood Ins.
Co. *v.* Eva McKELLAR

CA 88-174                                              763 S.W.2d 101

Court of Appeals of Arkansas
Division II
Opinion delivered January 25, 1989

*Hardin, Jesson & Dawson,* by: *Robert M. Honea,* for appellant.

*Sutterfield Law Firm, P.A.,* by: *Michael U. Sutterfield,* for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Arkansas Workers' Compensation Commission holding that the appellee became temporarily totally disabled on May 12, 1986, as the result of a compensable injury sustained on April 24, 1985, and that the disability would continue until a date to be determined.

On April 24, 1985, appellee injured her back lifting a patient at Legacy Lodge Nursing Home. She was initially treated by Dr. James Kolb, an orthopedic surgeon, who diagnosed a herniated disc at L4-5 on the left side. The appellee improved under his treatment and, against his advice, returned to work on May 14, 1985. She last saw Dr. Kolb on December 3, 1985, and began visiting a chiropractor, Dr. John Price, who treated her through April 9, 1986. When Dr. Price felt he could be of no further benefit to appellee, he recommended that she consult a neurosurgeon.

On May 12, 1986, the appellee was evaluated by Dr. Jim Moore, a neurosurgeon, whom she had seen in August of 1985 at the request of the appellant insurance carrier. In June of 1986, Dr. Moore hospitalized appellee for a CT scan and myelogram, which revealed a herniated nucleus pulposus at L4-5 on the left side. In a report dated June 19, 1986, Dr. Moore stated that he had recommended surgery but appellee was opposed to surgery at that time, so he had given her an epidural cortisone injection on the date of the report. Appellee subsequently got another opinion from Dr. Thomas Fletcher, neurosurgeon, who also recommended that she have back surgery.

In the meantime, on November 5, 1985, the appellee had been discharged from her employment with the nursing home for reasons that were unrelated to her physical condition. She applied for, and eventually received, unemployment compensation for several months. Appellee testified that during that time she applied for numerous positions as an LPN but was honest with potential employers about her back condition and no one would hire her.

In an opinion affirmed and adopted by the full Commission, the administrative law judge noted that there was no evidence of any independent intervening cause of the appellee's back problems and held that the preponderance of the evidence established that all her physical complications were causally related to her compensable back injury of April 24, 1985. Therefore, even though she had been paid temporary total disability payments for approximately two weeks before she returned to work on May 14, 1985, the Commission adopted the law judge's finding that appellee became temporarily totally

disabled again on May 12, 1986.

On appeal, the appellants argue that the decision is not supported by substantial evidence. They call our attention to *Arkansas State Highway Department* v. *Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981), which held that temporary total disability is "that period *within the healing period* in which the employee suffers a total incapacity to earn wages." They also cite *Mad Butcher, Inc.* v. *Parker*, 4 Ark. App. 124, 628 S.W.2d 582 (1982), which held that when the claimant's healing period has ended his right to temporary total disability also ends. Moreover, appellants say that because a claimant is still within his healing period does not necessarily mean that he is entitled to temporary *total* disability since he might be suffering from only a decrease in his capacity to earn the wages he was receiving at the time of the injury, and in that case he would be entitled to only temporary *partial* disability. *Arkansas State Highway Department* v. *Breshears, supra,* at 246-47.

Appellants contend that because appellee returned to work on May 14, 1985, and did not take off any workdays between then and the time she was terminated on November 5, 1985; because she did not complain of her back during that period of time; because Dr. Kolb stated on December 3, 1985, that appellee was able to work; and because during the spring of 1986 appellee drew unemployment benefits, representing that she was ready, willing and able to to work and without physical restrictions, the evidence does not support a finding that appellee was entitled to the temporary total disability benefits awarded by the Commission.

In *Boyd* v. *General Industries*, 22 Ark. App. 103, 733 S.W.2d 750 (1987), we stated our duty as follows:

> On review, we must view the evidence in the light most favorable to the findings of the Commission and give the testimony its strongest probative force in favor of the action of the Commission. Our standard of review on appeal is whether the decision of the Commission is supported by substantial evidence. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. We do not reverse a decision of the Commission unless we are convinced that fair minded persons with the same facts before them could

not have arrived at the conclusion reached. These rules insulate the Commission from judicial review and properly so, as it is a specialist in this area and we are not. But a total insulation would obviously render our function in these cases meaningless.

22 Ark. App. at 107 (citations omitted). Appellants remind us that it was the claimant who had the burden of proof and that any finding of physical impairment must be supported by objective and measurable physical or mental findings. Ark. Code Ann. § 11-9-704(c)(1) (1987). However, this is a fact finding function for the Commission. We review the evidence in the light most favorable to the Commission's finding. The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding. The extent of our inquiry is to determine if the findings of the Commission are supported by substantial evidence. Even where a preponderance of the evidence might indicate a contrary result, we will affirm if reasonable minds could reach the Commission's conclusion. *Bearden Lumber Co.* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

From the evidence relied upon by the appellants, the Commission could have found for them. There is, however, other evidence in the record. For example, the law judge pointed out that although Dr. Kolb's report stated that on December 3, 1985, the appellee was able to work, he also said in a deposition that on that date she was asked to return to see him again. There is also evidence in the record that each of the physicians seen by appellee anticipated that she would receive continued treatment, and both neurosurgeons consulted by appellant recommended surgery for the herniated disc. Dr. Moore's last report, June 19, 1986, stated he still thought appellee was a surgical candidate, and Dr. Fletcher's report of September 7, 1986, stated appellee would continue to have increasing symptoms until surgery was performed. Although appellants argue that it is "beyond argument" that the appellee's healing period ended prior to May 12, 1986, appellee's doctors did not think her healing period had ended and neither did the Commission. We think the Commission's decision is supported by substantial evidence.

Affirmed.

COOPER and CRACRAFT, JJ., agree.