SONIC DRIVE-IN, Ranger Insurance Company, and U.S. Fire Insurance Company *v.* Mary Ellen WADE

CA 91-9                               816 S.W.2d 889

Court of Appeals of Arkansas
Division I
Opinion delivered October 16, 1991

*Walter A. Murray*, for appellant Ranger Insurance Company.

*Barber, McCaskill, Amsler, Jones & Hale, P.A.*, by: *Michael L. Alexander* for appellant U. S. Fire Insurance Company.

*Guy Brinkley*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. Ranger Insurance Company and U.S. Fire Insurance Company appeal from an order of the Arkansas Workers' Compensation Commission apportioning between them responsibility for paying temporary total disability benefits to appellee, Mary Ellen Wade. Although a number of issues are raised on appeal, we conclude that the case should be remanded to the Commission for more specific findings.

On October 17, 1985, appellee suffered an injury while employed at a Sonic Drive-In, resulting in a period of temporary total disability due to carpal tunnel syndrome. At the time of that injury, Ranger Insurance Company was Sonic's workers' compensation carrier. Appellee returned to work at Sonic on May 31, 1986, but on that day sustained a second injury, resulting in temporary total disability due to thoracic outlet syndrome. By the time of the second injury, U.S. Fire Insurance Company had replaced Ranger as Sonic's carrier.

On June 16, 1987, the administrative law judge entered an order holding Ranger responsible for all of appellee's temporary total disability, permanent disability, and medical expenses resulting from her carpal tunnel syndrome. The order held U.S. Fire Insurance Company responsible for appellee's temporary total disability, permanent disability, and medical expenses subsequent to May 31, 1986, which were related to her thoracic outlet syndrome. The opinion of the ALJ was adopted by the Commission, and no appeal was taken from that order.

Appellee thereafter left her employment at Sonic, continued her education, and then worked as a licensed practical nurse in a Missouri nursing home until September 1989. At that time, she ceased her employment and sought further treatment, including inpatient treatment at a local hospital for which medical expenses in an amount from $23,000.00 to $25,000.00 were incurred. Appellee then filed this claim for additional temporary total disability and payment of her medical expenses.

The ALJ found that appellee was again temporarily totally disabled and that her present disability and the medical treatment relative thereto were the result of "the cumulative effect of successive and repeated accidental injuries suffered in the same employment [*i.e.*, at Sonic], some of which occurred during the period of coverage of both carriers." In his order, the ALJ directed that each carrier pay one-half of appellee's temporary total disability benefits until she reaches the point of maximum healing, and one-half of her medical expenses that are causally related to her previous compensable injuries. Although specifically contested, the ALJ made no finding on the issue of whether appellee's medical treatment and expenses were reasonable and necessary. Again, the Commission merely adopted the ALJ's

opinion as its own.

On appeal, each carrier makes several arguments that it contends warrant reversal as to it. One argument is that it was error for the Commission not to make a finding on the issue of the "reasonableness and necessity" of the medical treatment and expenses mentioned in the evidence, including the inpatient treatment. We agree that the Commission should have made a finding on this issue.

■ While there may be evidence in the record to support a finding one way or the other, neither the ALJ nor the Commission resolved the issue by a specific finding of fact. This court does not review decisions of the Commission *de novo* on the record or make findings of fact that the Commission should have made but did not. Our function is to review the sufficiency of the evidence to support the findings that the Commission does make, and when it fails to make specific findings on an issue, it is appropriate that the case be reversed and remanded for the Commission to make such findings. *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1987). In order that this case not be decided piecemeal on appeal, we conclude that it should be remanded to the Commission for a specific finding on the issue of whether appellee's medical treatment and expenses were reasonable and necessary.

We might also point out that the order that "Respondents 1 and 2 shall each pay one-half of claimant's statutory attorney's fees on this award" needs clarification. Arkansas Code Annotated § 11-9-715 (1987) does not provide any set figure as "statutory attorney's fees"; rather, the Commission is to determine and award a reasonable fee within specific limitations.

Reversed and remanded.

COOPER and ROGERS, JJ., agree.