TACO BELL, et al. *v.* Teryl FINLEY

CA 91-216                                   826 S.W.2d 313

Court of Appeals of Arkansas
En Banc
Opinion delivered March 25, 1992

*Walter A. Murray*, for appellant.

*Cheryl K. Maples*, for appellee.

JOHN E. JENNINGS, Judge. The claimant in this workers' compensation case, Teryl Finley, suffered an admittedly compensable injury on December 10, 1988, when she slipped and fell in the restaurant of her employer, Taco Bell. Finley slipped on a piece of cardboard and fell backwards, striking her head on the concrete floor. She was paid temporary total disability through December 31, 1988.

Finley was seen by both Dr. Robert White and Dr. Robert Abraham. After a hearing, the administrative law judge found that Finley was entitled to 8 % permanent partial disability and that Taco Bell was responsible for the payment of Dr. Abraham's services. The Commission made the same findings and Taco Bell appeals. We affirm.

Appellant's argument that the award of permanent partial disability is not supported by substantial evidence is based on Ark. Code Ann. § 11-9-704(c) (Supp. 1991) which provides, in part, "Any determination of the existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings." The question for decision is whether the Commission's determination of physical impairment in the case at bar is supported by "objective physical findings". In support of its argument, appellant emphasizes a number of facts: Dr. White expressed his opinion that Finley would have no permanent disability; a CT scan showed no abnormality in the lumbar spine; various office examinations by Dr. Abraham showed no limitation of the range of motion in the claimant's low back; and a private investigator retained by the appellant testified that he saw Finley run up and down the steps to her apartment.

In the case at bar, Dr. Abraham's assessment of Finley's permanent disability was based on an American Medical Association publication, "Guides to the Evaluation of Permanent Impairment", and on range of motion tests observed during his examination of the claimant. The tests included the measurement of flexion, extension, and lateral flexion. The word "objective" means "based on observable phenomena". *The American Heritage Dictionary* 857 (2d College ed. 1982). That dictionary also

gives a specific medical definition: "Indicating a symptom or condition perceived as a sign of disease by someone other than the person afflicted." Under either definition, in our view, observations made by a doctor as a result of range of motion tests qualify as "objective physical findings".

■ It is reasonably clear that in making its determination of physical impairment, the Commission also considered the claimant's testimony about her symptoms, including pain, and the effect of activity on those symptoms. Such consideration in the determination of permanent disability is not prohibited by Ark. Code Ann. § 11-9-704(c), so long as the record contains "objective and measurable" findings to support the Commission's ultimate determination.

■ Appellant also contends that the Commission erred in not holding that Dr. Abraham's treatment was unauthorized. However, Ark. Code Ann. § 11-9-514 (1987) provides that the change of physician rules do not apply when the employee is not furnished a copy of the notice concerning change of physician. Here the Commission found that the A-29 form was not received by the claimant until after she had begun treatment with Dr. Abraham, and this finding is supported by substantial evidence.

For the reasons stated the decision of the Commission is affirmed.

Affirmed.