ARKANSAS DEPARTMENT OF HEALTH and Public
Employees Claims Division *v.* Juanita WILLIAMS

CA 92-1243                                    863 S.W.2d 583

Court of Appeals of Arkansas
En Banc
Opinion delivered October 20, 1993

*Frank Gobell*, for appellant Public Employees Claims Division.

*Shackleford, Shackleford & Phillips, P.A.*, for appellee.

MELVIN MAYFIELD, Judge. In this workers compensation appeal, appellants argue there is no substantial evidence to support the finding that appellee suffered a compensable injury.

Appellee, Juanita Williams, is employed by the Arkansas Department of Health as a personal care assistant whose duties involve going from house to house performing personal care and light-duty housework. At the hearing on her claim for compensation, Ms. Williams testified that she hurt her back on December 21, 1990, as she was helping Mr. Frank Ethridge to his chair after his shower. According to the appellee, Mrs. Ethridge was at home that day, but did not assist the appellee with Mr. Ethridge. She said he tried to turn around and sit down in the chair before he was close enough, that she tried to catch him, and that he put all his weight on her. She said she heard her lower middle back pop, and felt a dull, sharp, ripping pain like she never felt before. Ms. Williams said she completed her duties without telling Mrs. Ethridge she had hurt herself because she thought the pain would go away. Ms. Williams said she attended another patient that afternoon, where she did about the same duties as at the Ethridge's but was physically unable to sweep the floor.

Ms. Williams also testified that when she arrived home that day her back was sore. The next morning, Saturday, December 22, she "almost" couldn't move. On December 26, her next scheduled work day, she telephoned her supervisor and said she was not able to come to work because she hurt her back lifting Mr. Ethridge.

On December 27 Ms. Williams was seen by Dr. Nur Badshah who initially treated her with drug therapy and subsequently referred her to Dr. Clinton McAlister, an orthopedic surgeon. Ms. Williams testified her condition has gotten worse; it hurts her to stand and to sit for a long period of time; she cannot drive; she is unable to work; and she cannot do any heavy-duty housework. She said that since January 1991 there are never any days when she feels good enough to bend forward with no problems, and since that time she has not had a single pain-free day. She also testified she was aware her testimony was contradicted by Mrs. Ethridge but thought Mrs. Ethridge may have forgotten.

Mrs. Ethridge, who is 85 years of age, testified by deposition that her husband did not fall and that she was there and helped him. She said Ms. Williams did no more than she did; that Ms. Williams did not have to catch him that day when he sat down on the bed; and that the only time she caught him was "when he was doing the chair." She said Ms. Williams did not say a word about being hurt. Mrs. Ethridge also testified that the following Monday Ms. Williams called and said she did not feel good, and on Wednesday her employer called and said Ms. Williams had to go to the doctor because she hurt her back lifting Mr. Ethridge. Mrs. Ethridge said she was not saying Ms. Williams did not injure her back, but if she did, she did not tell her, did not act like she hurt her back, and did not cry out.

The medical records introduced into evidence start with a note written by Dr. Badshah after his first examination of the appellee. The note states that the appellee is "unable to do lifting and straining for 3 weeks."

The next record is a "History Sheet" dictated by Dr. McAlister and dated January 8, 1991. Dr. McAlister states that the appellee had been seen by Dr. Badshah but "he is out-of-town." Dr. McAlister goes on to state that the appellee complained of soreness in her arm area from her elbows to her wrist and that her back pain was in the mid-back area with no radiation. The doctor states that his "impression" is "lumbosacral sprain" and "muscle pull in both forearms," and he prescribed Parafon Forte and Darvocet.

On February 8, 1991, Dr. McAlister wrote he had examined the appellee again and could find no objective findings. He said the appellee had a great deal more complaints than he could answer from her examination, and he requested permission to do "MRIs and EMGs as these will help to shed more light on her complaints." In a letter written that same day, Dr. McAlister stated the appellee has had difficulty since December 21, 1990, when she injured her back and arms and that "the pain that has evolved has not allowed her to devote the proper amount of time to her schooling, and I have suggested that she not attend school and take care of her health first and to return next semester."

On June 18, 1991, Dr. Badshah wrote that the appellee "continues to have low back pain for the last 6 months," and "she

needs MRI scan of lumbosacral spine." The doctor also wrote a note stating that appellee "is totally disabled from 12-21-90 to present because of back injury."

On the evidence outlined above, the administrative law judge made the following findings of fact:

> 1. The employee-employer relationship existed on December 21, 1990, on which date the claimant sustained an accidental injury arising out of and in the course of her employment.
>
> 2. At the time of her injury, the claimant was earning an average weekly wage of $187.28 which computes to a compensation rate of $124.85.
>
> 3. The claimant has remained temporarily, totally disabled since her accidental injury.
>
> 4. The claim has been controverted in its entirety.

And on appeal to the full Commission, the Commission issued an opinion in which it stated:

> After our *de novo* review of the entire record herein, we find that claimant has sustained her burden of proof and accordingly, affirm the opinion of the Administrative Law Judge.

On appeal to this court the appellants argue there is no substantial evidence to support "the findings and opinion of the Arkansas Workers' Compensation Commission that appellee suffered a compensable injury."

When reviewing a decision of the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the findings of the Commission and affirm that decision if it is supported by substantial evidence. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979). The issue is not whether we might have reached a different result or whether the evidence would have supported a contrary finding; if reasonable minds could reach the Commission's conclusion, we must affirm its decision. *Bearden Lumber Company* v. *Bond*, 7 Ark. App. 65, 644 S.W.2d 321 (1983).

In their brief, appellants review the evidence and question appellee's credibility. They contend appellee's testimony is diametrically opposed to that of Mrs. Ethridge and that this shows appellee's lack of veracity. They also contend that the medical evidence demonstrates appellee's claim is without merit and that there are no objective findings to support her complaints.

■ Questions concerning the credibility of witnesses and the weight to be given to their testimony are within the exclusive province of the Commission. *Robinson* v. *Ed Williams Construction Company*, 38 Ark. App. 90, 828 S.W.2d 860 (1992). Although the appellants argue that the basis by which the Commission found appellee to be credible is specious at best, the Commission found appellee to be credible and that is a matter for the Commission to determine. *College Club Dairy* v. *Carr*, 25 Ark. App. 215, 756 S.W.2d 128 (1988). We agree that there are contradictions in the evidence but it is within the Commission's province to reconcile conflicting evidence and to determine the true facts. *Jackson Cookie Company* v. *Fausett*, 17 Ark. App. 76, 703 S.W.2d 468 (1986).

■ It is true, as appellants argue, that a claimant's testimony is not considered to be uncontroverted, but this does not mean that the fact finder may not find such testimony to be credible and believable or that it must reject the testimony if it finds the testimony worthy of belief. *Ringier America* v. *Combs*, 41 Ark. App. 47, 849 S.W.2d 1 (1993).

■ In a claim for benefits, a claimant has the burden of proof by a preponderance of the evidence. *Voss* v. *Ward's Pulpwood Yard*, 248 Ark. 465, 452 S.W.2d 629 (1970). In its opinion, the Commission discussed the evidence and stated "based on claimant's credible testimony, we find that claimant has proven by a preponderance of the evidence that she sustained an injury arising out of and in the course of her employment."

■ Although the appellants do not raise the point, the dissenting opinion by the judges of this court takes the position that the Commission's opinion does not make "findings of fact on the essential issues of the existence, extent, and cause of appellee's disability, if any," and would remand for such findings to be made. In *Wright* v. *American Transportation*, 18 Ark. App. 18, 709 S.W.2d 107 (1986), we held in reliance upon *Clark* v.

*Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979), that the Commission must make sufficient factual findings that would enable the appellate court to conduct a meaningful review of the Commission's decision. We quoted from *Clark* the statement: "We do not deem a full recitation of the evidence to be required, as long as the Commission's findings include a statement of those facts the Commission finds to be established by the evidence in sufficient detail so that the truth or falsity of each material allegation may be demonstrated from the findings . . . ." *See Clark*, 265 Ark. at 507, 579 S.W.2d at 369. In the instant case the appellants' only argument is that the evidence was not sufficient to show that the claimant suffered a compensable injury, and the dissenting opinion concedes that the Commission's finding in that regard is sufficient. But the appellants, as a part of their argument on the sufficiency of the evidence, have also argued that there are no objective physical findings to support the appellee's complaints, and the dissent takes the position that in order to be "compensable" an injury must cause a disability in earning capacity and contends that "the existence of a physical impairment is a necessary component of disability." Therefore, because Ark. Code Ann. § 11-9-704(c)(1) (1987) requires that any determination of the existence or extent of physical impairment must be supported by objective and measurable physical or mental findings, the dissent concludes that the Commission's opinion failed to make sufficient findings of fact in that regard.

In *Keller* v. *L.A. Darling Fixtures*, 40 Ark. App. 94, 845 S.W.2d 15 (1992), we discussed the requirement of "objective" physical findings as required by Ark. Code Ann. § 11-9-704(c)(1) (1987), and we pointed out that the requirement was added to our "Workers' Compensation Law" by Section 10 of Act 10 of the Second Extraordinary Session of 1986, which amended Section "c" of Ark. Stat. Ann. § 81-1323 (now Ark. Code Ann. § 11-9-704). The statute now provides that any determination of the existence or extent of physical *impairment* shall be supported by objective and measurable physical or mental findings. However, the issues for the Commission to decide in the instant case were whether the appellee suffered an accidental injury arising out of and in the course of her employment and whether she had been temporarily, totally disabled since that time. In *Arkansas State Highway Commission* v. *Breshears*, 272 Ark. 244, 613

S.W.2d 392 (1981), which was decided before the "objective and measurable" requirement became part of our workers' compensation law, the court discussed provisions found in Ark. Stat. Ann. § 81-1302 (now Ark. Code Ann. § 11-9-102) and Ark. Stat. Ann. § 81-1313 (now Ark. Code Ann. § 11-9-519 to § 11-9-526) and held that "temporary total disability is that period within the healing period in which the employee suffers a total incapacity to earn wages" and that "temporary partial disability is that period within the healing period in which the employee suffers only a decrease in his capacity to earn the wages he was receiving at the time of the injury."

However, the dissenting opinion in the instant case argues that *Breshears* and *Sanyo Manufacturing Corp. v. Leisure*, 12 Ark. App. 274, 675 S.W.2d 841 (1984), which was also decided before the "objective and measurable" requirement became law, hold that a physical impairment must exist before benefits for temporary total disability may be awarded. *Sanyo* involved an occupational disease and it was argued that even if the claimant was entitled to benefits for such disease, there was no substantial evidence to support a finding that the claimant was temporarily and totally disabled after a certain date. In that context — and without any "objective and measurable" requirement for the determination of impairment — the court in *Sanyo* quoted a statement from *Breshears* that said the Commission was in a better position than the appellate court to evaluate the claimant's ability to earn wages and that, once the Commission has before it "firm medical evidence of physical impairment and functional limitations, it has the advantage of its own superior knowledge of industrial demands, limitations and requirements" and thus "can apply its own knowledge and experience in weighing the medical evidence of functional limitations" together with the other evidence to determine the claimant's ability to work.

It is obvious that *Breshears* and *Sanyo* could not be dealing with the not-yet-enacted statutory "objective and measurable" requirement discussed by the dissenting opinion in this case. It is true that physical impairment does have some practical relationship to earning capacity. However, incapacity to earn wages can exist without physical or mental impairment. This is discussed in 1C A. Larson, *The Law of Workmen's Compensation*, § 57.11 at 10-16 (1993), as follows:

The key to the understanding of this problem is the recognition, at the outset, that the disability concept is a blend of two ingredients, whose recurrence in different proportions gives rise to most controversial disability questions: The first ingredient is disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions; the second ingredient is *de facto* inability to earn wages, as evidenced by proof that claimant has not in fact earned anything.

The two ingredients usually occur together; but each may be found without the other: A claimant may be, in a medical sense, utterly shattered and ruined, but may by sheer determination and ingenuity contrive to make a living for himself; conversely, a claimant may be able to work, in both his and the doctor's opinion, but awareness of his injury may lead employers to refuse him employment. These two illustrations will expose at once the error that results from an uncompromising preoccupation with either the medical or the actual wage-loss aspect of disability.

Specifically, with regard to temporary total disability Larson says:

Temporary total (although the majority of claims are in this group) and temporary partial occasion relatively little controversy, since they are ordinarily established by direct evidence of actual wage loss. In the usual industrial injury situation, there is a period of healing and complete wage loss, during which, subject to any applicable waiting period, temporary total is payable. This is followed by a recovery, or stabilization of the condition, and probably resumption of work, and no complex questions ordinarily arise.

1C A. Larson, *The Law of Workmen's Compensation*, § 57.12(b) at 10-19 and 10-20 (1993).

But the dissenting opinion in the present case is concerned with impairment as related to the statutory requirement in Ark. Code Ann. § 11-9-704(c)(1) that "any determination of the

existence or extent of physical impairment shall be supported by objective and measurable physical or mental findings." The Commission, however, was not making a "determination of physical impairment." The issue before the Commission involved the question of capacity to earn during the healing period and that is not the same thing as the determination of "physical impairment" referred to in Ark. Code Ann. § 11-9-704(c)(1). As far as this court is concerned this issue appears to have been settled by our decision in *Arkansas Methodist Hospital* v. *Adams*, 43 Ark. App. 1, 858 S.W.2d 125 (1993), where we said that objective and measurable physical or mental findings "are necessary" to support a determination of physical impairment but "they are not necessary to support a determination of wage loss disability," 43 Ark. App. at 3, 858 S.W.2d at 127.

Another case cited by the dissent is *Legacy Lodge Nursing Home* v. *McKellar*, 26 Ark. App. 260, 763 S.W.2d 101 (1989), where we responded to the appellant's argument but did not hold that a finding of physical impairment was necessary to allow benefits for temporary disability. We did say that such a finding would be a "fact finding function for the Commission," and we also said that the Commission's award of benefits in that case was supported by evidence that the physicians who had seen the claimant anticipated that she would receive continued treatment, had recommended surgery, and had said she would have increasing symptoms until surgery was performed. And in *Reeder* v. *Rheem Manufacturing Co.*, 38 Ark. App. 248, 832 S.W.2d 505 (1992), we said that the "determination" of physical impairment as used in Ark. Stat. Ann. § 11-9-704(c) refers to the Commission's determination; and we rejected the idea that unless a doctor's opinion as to impairment was "expressly" based on objective and measurable findings it was "unworthy of consideration." In that case we held that tests which a doctor said were "subjective" were "sufficiently objective to satisfy the statute," and we held that "it is the function of the Commission and the courts to decide what is an objective finding within the meaning of the law."

Thus, without implying that such a case could never exist, we hold that the determination of temporary disability in this case is not governed by the requirement in Ark. Code Ann. § 11-9-704 (c)(1) that a determination of physical impairment

must be supported by objective and measurable physical or mental findings.

We also hold that the decision of the Commission is supported by substantial evidence and that its opinion sufficiently states the factual findings on which the decision is based. We agree that the dissenting opinion is correct when it states that the Commission must make findings of fact in sufficient detail so that an appellate court — as well as the parties — can know the factual basis upon which the case was decided. But this case is not like the *Wright* v. *American Transportation* case, *supra*, where the Commission simply held that the claimant had failed "to prove her claim by a preponderance of the evidence" without revealing whether she failed to prove an injury, or that she was working while injured, or some other factual element of her claim. Neither is this case like the case of *Cagle Fabricating and Steel, Inc.* v. *Patterson*, 309 Ark. 365, 830 S.W.2d 857 (1992), cited by the dissent. In that case, the Arkansas Supreme Court held that the prevailing opinion of the Court of Appeals was wrong in holding that the Commission's finding that the claimant had "met his burden of proof" under Ark. Code Ann. § 11-9-523(a) (1987) was sufficient when there was no finding that the necessary element of physical distress following the occurrence of the hernia was such as to require the attendance of a physician within 72 hours. In other words, the supreme court said we held that a finding by the Commission was sufficient, but we were wrong because that finding did not apply to a necessary element in the case.

But unlike the cases where the necessary elements on which a claim was based were not specifically found by the Commission, here the only question presented to the Commission by the appellant, and the only question presented by the appellant to this court, is whether there is substantial evidence to support the finding that the appellee suffered a compensable injury. The issue of objective physical findings was only a part of the appellants' argument that the Commission's decision was not supported by substantial evidence. However, regardless of how the issue was raised, if there is no requirement that the award of temporary total disability in this case must be supported by objective and measurable findings of *physical impairment*, then the absence of factual findings by the Commission on that point

does not prevent us from affirming the Commission without a remand.

■ As to the merits of the claim for temporary disability, the administrative law judge's opinion discusses the evidence in that regard and points out that Dr. Badshah "took [claimant] off from work on account of her back condition." The law judge's opinion also states that "according to the reports of Dr. Badshah, the claimant has remained temporarily, totally disabled since her injury." And the law judge's opinion states that Dr. McAlister, the other doctor seen by the claimant, "diagnosed a lumbosacral sprain and muscle pull in both forearms." Based on the evidence discussed by the law judge, he made the specific finding that "the claimant has remained temporarily, totally disabled since her accidental injury." The Commission affirmed the law judge's decision and directed the appellants to comply with that award. In *City of Fayetteville* v. *Guess*, 10 Ark. App. 313, 663 S.W.2d 946 (1984), we pointed out that the Commission had affirmed the decision of the law judge, and we said, "This action by the Commission had the effect of adopting the findings and conclusions of the Administrative Law Judge as its own." 10 Ark. App. at 316, 663 S.W.2d at 948. The same thing happened in the instant case.

The dissenting opinion draws a distinction between the Commission "expressly" adopting the law judge's opinion and simply "affirming" the law judge's opinion, and *Hardin* v. *Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991), is cited in support of that distinction. However, *Hardin* held that the "law judge failed to make the findings necessary for us to review . . . the decision of the Commission." *ITT/Higbie Manufacturing* v. *Gilliam*, 34 Ark. App. 154, 807 S.W.2d 44 (1991), is also cited by the dissent as drawing a distinction between "expressly" adopting and "affirming" the law judge's decision. *Higbie*, however, did not expressly overrule *City of Fayetteville* v. *Guess*, and *Higbie* involved a case where the Commission had adopted the law judge's decision. Thus, there was no discussion, and no need to discuss, whether that case was in conflict with *City of Fayetteville*. The real thrust of the discussion of "adopting" in *Higbie* was whether this would allow the Commission to "rubber stamp" the law judge's decision. This was also the concern of the concurring opinion in *City of*

*Fayetteville*. That opinion pointed out that "it is the duty of the Commission to make a finding according to a preponderance of the evidence" and not to simply determine if there was substantial evidence to support the law judge's opinion. But the issue of the Commission "in effect" adopting the opinion of the law judge was specifically decided in *City of Fayetteville* and that case has not been overruled.

The claimant in the present case sustained a compensable injury on December 21, 1990. At the time of the hearing before the law judge on September 24, 1991, she had not worked or been paid workers' compensation since her injury, nor had she been released to return to work. Today, almost three years after the injury, we think the issue of temporary total disability should be resolved without further delay.

Affirmed.

JENNINGS, C.J., concurs,

PITTMAN and ROGERS, JJ., dissent.

JOHN E. JENNINGS, Chief Judge, concurring. I agree with the dissent that we may raise on our own motion the question of the adequacy of the Commission's findings for review. I cannot agree, however, that under the circumstances presented those findings are inadequate. This case is not like *Wright* v. *American Transp.*, 18 Ark. App. 18, 709 S.W.2d 107 (1986). There the Commission in a two sentence opinion found that the claimant failed to meet her burden of proof and "affirmed" the decision of the administrative law judge. Here, the Commission's opinion runs seven pages. The dissenting opinion runs an additional four. As the majority opinion states, the Commission's opinion focuses on the question of "injury" and it did so because this was the question that the parties focused on. The question of whether the claimant received a compensable injury was dependent on credibility issues which were the primary arguments made before the Commission and the primary argument made in this court. It is apparent that the question of "disability," in the event a compensable injury was found by the Commission, was really not contested before the Commission and in reality is not argued here. This is probably because of the statement in the administrative law judge's opinion that it was the opinion of the claimant's

family doctor, Dr. Badshah, that "the claimant has remained temporarily, totally disabled since her injury."

The appellant did note in a brief submitted to the Commission that Dr. McAlister had x-rayed the claimant, that the x-rays were normal, and that "no objective findings supporting claimant's complaints were found." The Commission recognized the argument and stated:

> Respondents argue that claimant cannot meet her burden of proof because her treating physician [Badshah] has been unable to find objective evidence of an injury. However, there is no indication in the record that the treating physician even ordered x-rays. Further, the treating physician sought 'permission to do MRI's and EMG's as these will help shed more light on her complaints' but this has not been done due to respondent's controversion of this claim.

Even the dissenting commissioner tacitly found this to be an adequate response to the argument.

I do not agree that the issue which both the majority and minority spend much effort to resolve has been raised. That issue is whether Ark. Code Ann. § 11-9-704(c) is applicable to an award of temporary disability. It was not raised by the appellant at any level of this proceeding, it was not decided by the ALJ or the Commission, and it is not even raised by the dissenting commissioner. The appellant's argument before us is that the Commission's decision is not supported by substantial evidence. Everyone but this court believes that this case turns on the credibility of the witnesses to the incident. Surely it is premature for us to decide an issue not ruled on by the Commission and neither argued nor briefed by the parties on appeal. Accordingly, I take no position on the issue.

For the reasons stated I concur in the affirmance of the Commission's decision.

JOHN MAUZY PITTMAN, Judge, dissenting. The prevailing opinion affirms an order of the Arkansas Workers' Compensation Commission awarding appellee benefits for temporary total disability. I dissent for two reasons.

## I.

First, the Commission wholly failed to make any finding of fact for us to review regarding whether appellant is, in fact, disabled. Despite the supreme court's recent attempt to clarify the issue, three members of this court have again demonstrated a fundamental misunderstanding of the Commission's duty to find facts. *See Cagle Fabricating, Inc.* v. *Patterson*, 309 Ark. 365, 830 S.W.2d 857 (1992). In fact, the prevailing judges have fallen into precisely the same error that the supreme court had to correct in *Cagle.*

The prevailing judges point to one thing in support of their conclusion that the Commission made sufficient findings of fact regarding the issue of disability: the ALJ found facts and the Commission "affirmed" the ALJ. The only other statement by the Commission that might be regarded as applying to this issue is its "finding" that appellee had "sustained her burden of proof." Of course, neither of these statements by the Commission constitutes a finding of fact.

The respective functions of the Commission and this court can be summarized briefly. "The Commission [is] required to find as facts the basic component elements on which its conclusion [is] based." *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 309 Ark. 365, 369, 830 S.W.2d 857, 859 (1992). On appeal, this court does not review decisions of the Commission *de novo* on the record or make findings that the Commission should have made but did not. Rather, our function is to review the sufficiency of the evidence to support the findings that the Commission does make. *Sonic Drive-In* v. *Wade*, 36 Ark. App. 4, 816 S.W.2d 889 (1991). A finding of fact is "a simple, straightforward statement of what the Board finds has happened." *Wright* v. *American Transportation*, 18 Ark. App. 18, 21, 709 S.W.2d 107, 109 (1986). Neither an expression of belief nor "a statement that a witness, or witnesses, testified thus and so" is sufficient. *Id.* Likewise insufficient is language by the Commission that is merely "conclusory and does not detail or analyze the facts upon which it is based." *Cagle*, 309 Ark. at 369, 830 S.W.2d at 859. *Hardin* v. *Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991). When the Commission fails to make specific findings on an issue, the case must be reversed and remanded for the Commission to make

such findings. *Sonic Drive-In* v. *Wade, supra.*

I have no quarrel with the Commission's finding that appellee had suffered an "injury" arising out of and in the course of her employment with appellant, or with this court's conclusion that that finding is supported by substantial evidence. The Commission's opinion summarizes *that part* of appellee's testimony describing the occurrence of a work-related accident and the painful "pop" in her back, finds that testimony credible, and specifically finds that appellee sustained a work-related injury. However, the finding of a work-related injury, standing alone, simply does not justify an award of temporary total disability benefits. In order to be "compensable", an injury must not only be causally connected to one's work, Ark. Code Ann. § 11-9-102(4) (1987), but must also cause disability for a minimum length of time, Ark. Code Ann. § 11-9-501(a) (1987). Disability means incapacity because of injury to earn, in the same or any other employment, the wages that the employee was receiving at the time of the injury. Ark. Code Ann. § 11-9-102(5) (1987). Temporary disability is determined by the extent to which a work-related injury has affected an employee's ability to earn a livelihood. *Arkansas State Highway Department* v. *Breshears*, 272 Ark. 244, 613 S.W.2d 392 (1981). Temporary total disability is that period within the healing period in which the employee suffers a total incapacity to earn wages. *Id.*

Contrary to the prevailing opinion, the fact that the Commission "affirmed" the ALJ in no way satisfies the need for findings of fact by the Commission on the issue of disability. It has long been the law that we review the Commission's findings, not those of the ALJ. It is the Commission's duty to make findings according to the preponderance of the evidence and not whether there is substantial evidence to support the findings of the ALJ. *Moss* v. *El Dorado Drilling Co.*, 237 Ark. 80, 371 S.W.2d 528 (1963); *Oller* v. *Champion Parts Rebuilders*, 5 Ark. App. 307, 635 S.W.2d 276 (1982); *Jones* v. *Scheduled Skyways, Inc.*, 1 Ark. App. 44, 612 S.W.2d 333 (1981). Therefore, the findings of the ALJ are of no significance to the appellate court and are given no weight whatever. *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W.2d 360 (1979); *Lane Poultry Farms* v. *Wagoner*, 248 Ark. 661, 453 S.W.2d 43 (1970); *Oller* v. *Champion Parts Rebuilders, supra*; *Dedmon* v. *Dillard Department Stores, Inc.*, 3

Ark. App. 108, 623 S.W.2d 207 (1981). It is true that the Commission may expressly "adopt" the ALJ's findings as the Commission's own, assuming the ALJ's findings are themselves sufficient. *Hardin* v. *Southern Compress Co.*, 34 Ark. App. 208, 810 S.W.2d 501 (1991); *ITT/Higbie Manufacturing* v. *Gilliam*, 34 Ark. App. 154, 807 S.W.2d 44 (1991). However, the Commission did not adopt any part of the ALJ's opinion in this case. Therefore, this court's reference to (indeed, quotation of) portions of the ALJ's opinion in this context is inappropriate, as the ALJ's opinion is inconsequential.

It would also be wrong to characterize as a finding the Commission's statement that appellee had "sustained her burden of proof." This court recently held that the Commission's statement that a claimant had "met his burden of proof under [Ark. Code Ann. § 11-9-523(a)]" was "definitely a finding of fact." *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 36 Ark. App. 49, 57, 819 S.W.2d 14, 19 (1991). On review, however, the supreme court unanimously reversed, holding that the Commission's language was insufficient because "it is conclusory and does not detail or analyze the facts upon which it is based." *Cagle Fabricating & Steel, Inc.* v. *Patterson*, 309 Ark. at 369, 830 S.W.2d at 859 (1992). The Commission's statement in this case is no different, and to treat it as a finding flies in the face of the supreme court's decision in *Cagle*.

The prevailing opinion also provides a summary of those parts of appellant's testimony and the medical evidence going to appellant's present condition. However, the *Commission* did not detail or analyze this proof. In fact, the Commission completely failed even to mention this or any other evidence pertinent to whether appellee is, or ever was, disabled as a result of her injury, much less to make any finding of fact regarding that issue. The Commission likewise completely failed to make any findings regarding whether such disability, if any, was total or partial in nature or whether appellee remained within her healing period. Indeed, the Commission's opinion does not even contain the words "disabled," "disability," "temporary," "permanent," "partial," "total," or "healing period."

In *Wright* v. *American Transportation, supra,* the Commission denied the appellant/employee's claim without stating any

basis for its finding that she had failed to prove entitlement to additional medical or temporary total disability benefits. We reversed and remanded the case for the Commission to make sufficient specific findings of fact to support its decision. In holding that we were unable to make any meaningful review of the Commission's decision as it then stood, we pointed out that:

> The Commission made no findings as to whether appellant sustained a compensable injury, or when the healing period ended if there was a compensable injury, or whether she was disabled at the time of the hearing, and if so, what was the cause of the disability.

*Wright*, 18 Ark. App. at 22, 709 S.W.2d 107 (1986). In my opinion, the present case is materially indistinguishable from *Wright* and should be remanded for the Commission to make findings of fact on the essential issues of the existence, extent, and cause of appellee's disability, if any.

## II.

The second flaw in the prevailing opinion can be found in its discussion of the meaning of impairment and the statutory requirement of objective physical findings. Within its challenge to the sufficiency of the evidence, appellant makes a compelling argument that the record is devoid of any objective physical findings to support appellee's subjective complaints of continuing back pain or other physical problems, and that the award of disability benefits, therefore, cannot stand.[1] The prevailing judges point to no such objective findings, but dispense with appellant's argument by holding that the requirement of objective findings is simply inapplicable to the issues in this case.

As the prevailing opinion notes, Ark. Code Ann. § 11-9-704(c)(1) (1987) provides that "*[a]ny* determination of the *existence* or extent of physical *impairment* shall be supported by

---

[1] Contrary to the position taken in the concurring opinion, five members of this court agree that this issue was raised below and is argued on appeal. Indeed, the concurrence quotes the Commission's response to the argument. The fact that the Commission dispensed with the argument by erroneously placing on appellant appellee's burden of proving her entitlement to benefits is of no consequence as to whether the issue was preserved for appeal.

objective and measurable physical or mental findings." (Emphasis added.) *See also Keller* v. *L.A. Darling Fixtures*, 40 Ark. App. 94, 845 S.W.2d 15 (1992); *Reeder* v. *Rheem Manufacturing Co.*, 38 Ark. App. 248, 832 S.W.2d 505 (1992); *Taco Bell* v. *Finley*, 38 Ark. App. 11, 826 S.W.2d 313 (1992). Although the prevailing judges concede that one of the issues for the Commission to decide was whether appellee has been temporarily totally disabled since her injury, they nevertheless hold that the case does not involve the determination by the Commission of even the existence of physical impairment. I agree that it is not necessary in cases of temporary disability to assign a precise anatomical impairment rating to the claimant. However, I simply cannot agree that it is possible in the ordinary case for one to be "disabled" in the workers' compensation sense, either temporarily or permanently, without suffering, even temporarily, at least some degree of "impairment." In other words, the "existence" of a physical impairment is a necessary component of disability.[2]

Professor Larson explains the two components of disability as follows:

> [T]he distinctive feature of the compensation system, by contrast with tort liability, is that its awards, apart from medical benefits, . . . are made not for physical injury as such, but for "disability" produced by such injury.
>
> [T]he disability concept is a blend of two ingredients . . .: The first ingredient is *disability in the medical or physical sense, as evidenced by obvious loss of members or by medical testimony that the claimant simply cannot make the necessary muscular movements and exertions* [*i.e.*, physical impairment]; the second ingredient is *de facto* inability to earn wages . . . .

1C A. Larson, *The Law of Workmen's Compensation* § 57.11 (1993) (emphasis added) (footnotes omitted). Our own case law also points out the need that a physical impairment exist before one can be found entitled to temporary total disability benefits. *See, e.g., Arkansas State Highway Department* v. *Breshears*,

---

[2] It should be noted that this case does not involve and this dissent does not consider any issue of an increase or prolongation of a disability by any emotional disorder.

*supra; Sanyo Manufacturing Corp.* v. *Leisure*, 12 Ark. App. 274, 675 S.W.2d 841 (1984) (*once* the Commission has before it firm medical evidence of *physical impairment and functional limitations*, it can apply its superior knowledge and experience in arriving at a reasonably accurate conclusion as to the extent of disability).[3]

The prevailing judges argue that "incapacity to earn wages [such that one would be entitled to disability benefits] can exist without physical or mental impairment." The only authority cited for this proposition is a passage from Professor Larson's treatise in which he points to one possible exception to the rule that one must suffer from a physical impairment before being disabled: where a claimant is able to work, in both his and his doctor's opinion, but awareness of his injury leads employers to refuse him employment. Assuming, *arguendo*, that this exception to the general rule would apply in this state, reference to the exception in this case is meaningless. This case simply presents no circumstances even approaching those on which the stated exception is based, and the prevailing opinion offers no other example of how a person can be disabled and not be impaired. The mere existence of a theoretical possibility that bears absolutely no relationship to this appellee is no explanation for avoiding the general rule in this case.

Separate and apart from the above, the prevailing judges also appear to indicate that, as used in § 11-9-704(c), the word "impairment" means only "permanent impairment." Therefore, they conclude that the statutory requirement that there be objective findings to support the existence of a physical impairment is inapplicable in this case and in temporary disability cases generally.[4] I cannot agree.

---

[3] The prevailing judges apparently misunderstand why *Breshears* and *Leisure* are cited at this juncture. I do not disagree with the statement in the prevailing opinion that these two cases were decided before enactment of that part of § 11-9-704(c)(1) that requires that a determination of physical impairment be supported by objective and measurable findings. I cite *Breshears* and *Leisure* only to demonstrate that the existence of an impairment is, and always has been, a necessary component of disability. The statutory provision simply specifies how such an impairment must be proved.

[4] Although the prevailing judges state that they are not implying that "such a case could never exist," they clearly indicate that the statutory requirement is inapplicable in

The General Assembly deliberately placed the requirement of objective findings in Ark. Stat. Ann. § 81-1323 (now Ark. Code Ann. § 11-9-704). This statute, at the time entitled "Procedure before the commission in respect of claims," is very general and obviously applies to all proceedings on all claims, temporary as well as permanent. Had "impairment" been intended to be limited only to "permanent impairment," it would have been a very simple matter for the legislature to use the word "permanent." The legislature has demonstrated both its ability and its willingness to do so when it chooses. *See* Ark. Code Ann. §§ 11-9-522; 11-9-525 (1987). However, any such adjective is conspicuously missing from § 11-9-704 and should not be inserted by this court without good reason.

Furthermore, I note that in *Legacy Lodge Nursing Home* v. *McKellar*, 26 Ark. App. 260, 763 S.W.2d 101 (1989), we were faced with the same issue as in this case. There, the appellant/employer argued that the Commission's award of temporary total disability was not supported by substantial evidence because there were no objective and measurable findings to support any determination of physical impairment. However, in that case, we did not hold the requirement of objective and measurable findings inapplicable. While we affirmed the Commission's award of temporary total disability, we did so only after concluding that the Commission's decision was supported by substantial evidence, presumably including evidence of objective and measurable findings supporting the existence of a physical impairment. (Among other things, the record there contained evidence of a CT scan and myelogram that revealed a herniated disc for which the claimant's physicians recommended surgery.)

In sum, I dissent because the Commission failed to make any findings of fact for us to review relative to the issue of disability. Under these circumstances, the case should be remanded for the Commission to make specific findings. However, if appellant's arguments are to be addressed despite the lack of such findings as to disability, then I strenuously object to the holding that the existence or non-existence of some level of physical impairment is

---

all but the most exceptional of temporary disability cases. The opinion fails to provide any clue as to the type of temporary disability case to which the statute might apply.

irrelevant to the issue of whether appellee is temporarily totally disabled. In my opinion, every finding of disability, by definition, at least implicitly carries with it a determination that some degree of impairment exists, and the statute requires that objective and measurable findings support that determination of impairment.

JUDITH ROGERS, Judge, dissenting. I join with the dissenting opinion insofar as it points out that the Commission did not make adequate findings for this court to review. I further agree that the language employed by the Commission was conclusory. I would, therefore, remand this case to the Commission to make adequate and specific findings of fact.

Consequently, I would not address the meaning of "impairment" nor discuss the statutory requirement of objective physical findings because I cannot, and do not, anticipate the findings the Commission might make on remand.