Judy BARTLETT v. MEAD CONTAINERBOARD

CA 94-173                                    888 S.W.2d 314

Court of Appeals of Arkansas
Division I
Opinion delivered November 30, 1994

*Sam Sexton, Jr.*, for appellant.

*Warner & Smith*, by: *Wayne Harris*, for appellee.

JOHN B. ROBBINS, Judge. Appellant Judy Bartlett sustained a work-related injury while employed with appellee Mead Containerboard on April 8, 1991. She received medical treatment from a total of six doctors and has not returned to work since the date of her injury. Mrs. Bartlett filed for workers' compensation benefits, and the Commission determined that she was entitled to temporary total disability benefits for a period from April 8, 1991, until December 16, 1991. The Commission also awarded medical benefits for services provided by four of Mrs. Bartlett's doctors. Mrs. Bartlett now appeals, arguing that the Commission erred in deciding the case without oral argument. She further contends that the decision of the Commission which denied her additional temporary total disability, medical benefits for services provided by her other two doctors, and continuing medical treatment, is not supported by substantial evidence. We find no error and affirm.

When reviewing decisions from the Workers' Compensation Commission, we view the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Commission's findings and affirm if supported by substantial evidence. *Welch's Laundry & Cleaners* v. *Clark*, 38 Ark. App. 223, 832 S.W.2d 283 (1992). Substantial evidence is that which a reasonable person might accept as adequate to support a conclusion. *Phillips* v. *State*, 271 Ark. 96, 607 S.W.2d 664 (1980). A decision by the Workers' Compensation Commission should not be reversed unless it is clear that fair-minded persons could not have reached the same conclusions if presented with the same facts. *Silvicraft, Inc.* v. *Lambert*, 10 Ark. App. 28, 661 S.W.2d 403 (1983). On a claim for benefits, a claimant has the burden of proof by a preponderance of the evidence. *Arkansas Dep't of Health* v. *Williams*, 43 Ark. App. 169, 863 S.W.2d 583 (1993).

Mrs. Bartlett's first argument for reversal is that the Commission erroneously denied her the right to present an oral argument prior to issuing its opinion and order. After the decision by the administrative law judge was entered, Mrs. Bartlett appealed to the Commission. In her notice of appeal to the Commission, Mrs. Bartlett requested that the matter be scheduled for oral argument. However, no oral argument was scheduled and the

Commission issued its opinion, which affirmed and adopted the decision of the administrative law judge. Mrs. Bartlett now asserts that she was erroneously denied a right to present an oral argument to the Commission.

For her argument, Mrs. Bartlett cites Ark. Code Ann. § 11-9-704(b)(6) (Supp. 1993), which provides:

> (6) If an application for review is filed in the office of the Commission within thirty (30) days from the date of the receipt of the award, the full commission shall review the evidence or, if deemed advisable, hear the parties, their representatives, and witnesses, and shall make awards, together with its rulings of law, and file same in like manner as specified in the foregoing. A copy of the award made on review shall immediately be sent to the parties in dispute, or to their attorneys.

She contends that an oral argument should have been allowed so that she could bring to the attention of the Commission the credentials and expertise of one of her physicians, Dr. Peter G. Bernad. The administrative law judge noted in his opinion that he gave no credibility to Dr. Bernad because he was not familiar with him, nor his credentials. Mrs. Bartlett argues that an oral argument was necessary in order to address this issue.

■ Mrs. Bartlett's first argument is without merit because, clearly, Ark. Code Ann. § 11-9-704(b)(6) allows for oral argument only when the Commission deems it advisable. In this case, Mrs. Bartlett requested oral argument but failed to notify the Commission as to why one was desired. Therefore, the Commission had no basis upon which to deem an oral argument advisable because no reason was given as to why the case could not be decided on the proof presented to the administrative law judge. During the proceedings before the law judge, there was no evidence presented as to Dr. Bernad's credentials. If Mrs. Bartlett wanted to present the Commission with this additional evidence, she should have attempted to do so pursuant to Ark. Code Ann. § 11-9-705(c)(1) (Supp. 1993), which provides:

> (c) INTRODUCTION OF EVIDENCE. (1) All oral evidence or documentary evidence shall be presented to the designated representative of the commission at the initial hear-

ing on a controverted claim, which evidence shall be stenographically reported. Each party shall present all evidence at the initial hearing. Further hearings for the purpose of introducing additional evidence will be granted only at the discretion of the hearing officer or commission. A request for a hearing for the introduction of additional evidence must show the substance of the evidence desired to be presented.

Since Mrs. Bartlett failed to accompany her request for oral argument with the substance of the new evidence which she desired to introduce, she failed to comply with the above statute. Furthermore, it is a discretionary matter for the Commission as to whether it will hear oral arguments or allow the presentation of any additional evidence, and its failure to do so in this case was not error.

Mrs. Bartlett's remaining argument is that the Commission's decision is not supported by substantial evidence. The Commission determined that Mrs. Bartlett began suffering from carpal tunnel syndrome on April 8, 1991, and that her healing period ended December 16, 1991. The Commission found that treatment from the four doctors who treated Mrs. Bartlett prior to December 16, 1991, was reasonable and necessary and therefore awarded medical expenses for these services. Mrs. Bartlett now takes issue with the Commission's failure to award additional benefits beyond December 16, 1991. Mrs. Bartlett also asserts error in the Commission's decision that services provided by Drs. Douglas Parker and Peter G. Bernad, which were provided after December 16, 1991, were not reasonable and necessary.

In support of her argument, Mrs. Bartlett notes that Dr. Michael Wolfe, the doctor who performed carpal tunnel release surgery on each of her hands, prescribed treatment for reflex sympathetic dystrophy (RSD). Mrs. Bartlett also asserts that Dr. Swicegood, an anesthesiologist, administered treatment for RSD and Dr. Peter Bernad diagnosed her as having RSD and prescribed additional treatment. Mrs. Bartlett testified that she remains in pain and, given her physical condition, is unable to find employment.

Despite Mrs. Bartlett's contention that she remains disabled and is in need of further medical treatment, substantial evidence

supports the Commission's finding that she failed to prove this claim by a preponderance of the evidence. Although Dr. Wolfe originally opined that Mrs. Bartlett may have had some mild RSD, he released her to work without restriction on July 22, 1991. Although Dr. Swicegood originally stated in a deposition that the objective findings regarding Mrs. Bartlett were suggestive of RSD, he later stated that if she had RSD there was no way to determine whether the RSD was related to her work-related development of carpal tunnel syndrome. Dr. E.F. Still, another treating physician, indicated in a report that Mrs. Bartlett demonstrated no evidence of RSD. He also noted that on December 16, 1991, he arranged for Mrs. Bartlett to return to work for an hour a day, but that her attorney and husband decided that is not what they wanted. Dr. Still gave the opinion that "[b]ecause of the attitudinal problems, I am not sure that we really have anything that we can do for this lady." Dr. Parker, a physician seen after December 16, 1991, also was unsure whether Mrs. Bartlett had RSD, and concluded that she did not have the "chronic longstanding findings of chronic RSD." The only physician who concluded with reasonable certainty that Mrs. Bartlett had RSD and required further treatment was Dr. Bernad, and he only examined Mrs. Bartlett on one occasion in her attorney's office. The Commission specifically found Dr. Bernad's credibility to be lacking.

In workers' compensation cases, the weight and credibility of a witness's testimony are exclusively within the province of the Commission, and the Commission does not have to believe appellant over other evidence presented. *Wade* v. *Mr. C. Cavenaugh's*, 298 Ark. 363, 768 S.W.2d 521 (1989). The Commission has the duty of weighing medical evidence as it does any other evidence, and the resolution of any conflicts in the medical evidence is a question of fact for the Commission. *Public Employee Claims Division* v. *Tiner*, 37 Ark. App. 23, 882 S.W.2d 400 (1992). We conclude that the Commission's findings are supported by substantial evidence.

Affirmed.

PITTMAN and COOPER, JJ., agree.